## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED

| | | |
|---|---|---|
| **TANGELA DAVIS BOSTON,** | ) | 2007 JUL 20  A 11: 31 |
| | ) | |
| **Plaintiffs,** | ) | DEBRA P. HACKETT. CLK |
| | ) | **CIVIL ACTION NO.** DISTRICT COURT |
| **v.** | ) | MIDDLE DISTRICT ALA |
| | ) | 1:07 CV 663 - mef |
| **THE HARTFORD INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendants.** | | |

## <u>NOTICE OF REMOVAL</u>

COMES NOW the Defendant Property and Casualty Insurance Company of Hartford ("P&C") (incorrectly identified in the Complaint as "The Hartford Insurance Company") by its attorney, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files Notice of Removal as follows:

1.    On or about May 29, 2007, Plaintiff Tangela Davis Boston ("Plaintiff") filed a Summons and Complaint against Hartford, which is currently pending in the Circuit Court of Geneva County, Alabama styled *Boston v. The Hartford Insurance Company*, CV-07-078. P&C was not served until June 21, 2007. In light of the foregoing, this removal is timely.

2.    A copy of all process, pleadings and orders served upon P&C is attached to this Petition as required by 28 U.S.C. § 1446(a), along with the complete file maintained with the state court clerk. *See* Exhibit A hereto.

3.    Pursuant to 28 U.S.C. §1446(d), P&C has contemporaneously filed with the Circuit Court of Geneva, County, a Notice of Filing of Removal.

4.      Removal is proper because this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because complete diversity exists and the amount in controversy exceeds $75,000.00, as is shown below.

5.      Plaintiff is a resident of the State of Alabama.

6.      Defendant Property and Casualty Insurance Company of Hartford, is currently, and was, at the time of the commencement of this action, a corporation organized and existing under and by virtue of the laws of the State of Indiana, with its principal place of business in Connecticut. *See* Complaint at ¶¶ 1, 7 and 13.

7.      The Complaint seeks allegations against several fictitious parties.   However, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names is to be disregarded.

8.      The Complaint seeks damages related to an accident that occurred in Geneva County, Alabama.   At the time of the accident, the Plaintiff was driving a vehicle, with permission, that belonged to Francis Davis who maintained insurance on the vehicle with P&C. The vehicle driven by the Plaintiff was hit by Jessica Dianna Reeves and Joseph Christopher Myles.  The Complaint alleges that these motorists were underinsured at the time of the accident. The Complaint alleges that the Plaintiff suffered: (1) physical injuries; (2) medical expenses; (3) pain and suffering; (4) mental anguish and emotional distress; (5) disability; and (6) lost wages and diminished earning capacity.   The Plaintiff has made a claim against P&C for uninsured motorist benefits contained in Francis Davis's policy with P&C.  The Complaint also alleges that "Defendant Hartford denied said claim or failed to seasonably act on said claim," and seeks indeterminate compensatory and **punitive** damages.

Although Defendant denies it is liable to Plaintiff, Plaintiff's compensatory and punitive damage claims "more likely than not" exceed the jurisdictional threshold of this Court. The Complaint alleges that the Plaintiff has made a claim under the policy for underinsured motorist benefits. The policy limits of the underinsured coverage are $25,000/$50,000. A true and correct copy of the Declaration Page of Policy No. 55PHH964253, is attached hereto as Exhibit B. In addition, the Complaint seeks punitive damages for P&C's alleged denial of the Plaintiff's claim or alleged failure to seasonably act on the Plaintiff's claim, which is presumably a claim for bad faith refusal to pay the underinsured benefits.

9. "A complaint seeking indeterminate damages does not show that the case is not removable. It simply does not comment on federal jurisdiction." *Robinson v. Quality Ins. Co.,* 633 F.Supp. 572, 574 (S.D. Ala. 1986). In such cases, the Court has the "duty to independently determine the propriety of jurisdiction." *Id.* at 575.

10. "In determining whether the requisite amount in controversy exists to support federal jurisdiction, it is well settled that the defendant bears the burden, albeit the light burden, of showing that the required amount is in controversy." *Locklear v. State Farm Mut. Automobile Ins. Co.,* 742 F. Supp. 679, 680 (S.D. Ga. 1989).

> [A] plaintiff has made an unspecified demand for damages, a lower burden of proof [as to the amount in controversy] is warranted because there is simply no estimate of damages to which a court may defer . . . . Where plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement.

*Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1356-57 (11th Cir. 1996). In *Kilpatrick v. Evy Construction Co.,* 708 F. Supp. 1241 (N.D. Ala. 1989), the court held that an indeterminate complaint would yield to allegations of jurisdictional limit in the Notice of Removal. *See id.* at 1241-43.

11.    In reviewing complaints seeking indeterminate damages, federal courts have regularly taken judicial notice of the large punitive damages verdicts and sustained removal over a plaintiff's argument that the amount in controversy is insufficient. *See, e.g., Dennis v. CSX Transportation, Inc.*, CV 92-A-670-N (M.D. Ala. 1992); *Jones v. Ford Motor Credit Co.*, CV 92-A-1099-N (M.D. Ala. 1992). A review of bad faith cases arising out of automobile accident claims – i.e., "awards rendered in similar cases" – in Alabama reveals that the amount in controversy in this matter exceeds the $75,000 jurisdictional threshold. *See Carrier Exp., Inc. v. Home Indem. Co.*, 860 F.Supp. 1465 (N.D. Ala. 1994) (Plaintiff awarded $2,463,959.60 in compensatory damages and $4,812,500 in punitive damages on a bad faith claim); *Alfa Mut. Fire Ins. Co. v. Thomas*, 738 So.2d 815, 823 (Ala. 1999) (affirming $50,000 punitive damage award for bad faith); *Berges v. Infinity Ins. Co.*, 896 So.2d 665, 671(Fla. 2004) (Plaintiff awarded $1,893,066.41 for bad faith claim); *Hartford Acc. & Indem. Co. v. Mathis*, 511 So.2d 601, 602 (Fla. App. 1987) (Plaintiff awarded compensatory damages of $2,941,698.47 on bad faith claim). *See also* Jury Reporter research attached hereto as Exhibit C.

12.    Accordingly, the United States District Court has subject matter jurisdiction of the above captioned suit pursuant to 28 U.S.C. §1332. Therefore, this action was properly removed to this Court pursuant to 28 U.S.C. §1446 (b).

Respectfully submitted this the _____day of July, 2007.

One of the Attorneys for Defendant

4

**Of Counsel:**

**Bert S. Nettles  ASB-5850-S63B**
**Brennan C. Ohme  ASB-8419-M70B**
**Meredith Jowers Lees  ASB-8103-M71J**
HASKELL SLAUGHTER & YOUNG, L.L.C.
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
(205)  251-1000
(205) 324-1133 (FAX)
bsn@hsy.com
bco@hsy.com
mjl@hsy.com

## CERTIFICATE OF SERVICE

I certify that on _____July 19_____, 2007, a copy of the foregoing was served in the manner indicated below on the following counsel of record:

Mr. Dan Talmedge                    [  ]    by Hand Delivery
MORRIS, CARY, ANDREWS,              [X]    by U.S. mail properly addressed and postage pre-paid
TALMEDGE & JONES LLC                [  ]    by facsimile transmission
P.O. Box 1649                       [  ]    by PACER electronic filing
Dothan, Alabama 36302

Of Counsel

5

# EXHIBIT A

AVSO350

ALABAMA JUDICIAL DATA CENTER
GENEVA        COUNTY

SUMMONS

CV 2007 000078.00

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN THE CIRCUIT   COURT OF   GENEVA        COUNTY

TANGELA DAVIS BOSTON V THE HARTFORD INSURANCE COMPANY

SERVE ON: (D001)

SSN: 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

THE HARTFORD INSURANCE COMPANY
C/O CSC LAWYERS INC SVCS
150 S PERRY ST
MONTGOMERY        ,AL  36104-0000

PLAINTIFF'S ATTORNEY

TALMADGE JOSEPH DAN JR
MORRIS CARY & ANDREWS
P O BOX 1649
DOTHAN            ,AL  36302-1649

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
COMPLAINT IN THIS ACTION UPON DEFENDANT.

THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
WRITTEN REQUEST OF

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provi...)*

For delivery information visit our website at www.usps.com

OFFICIAL US

| | |
|---|---|
| Postage | $ 1.31 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Po... | 6.11 |

GENEVA AL
JUN 2 0 200?
Here
CV-07
USPS

Sent To  The Hartford Insurance Company
Street, Ap  c/o CSC Lawyers Incorporating Services,
or PO Bo  150 S. Perry Street
City, State  Montgomery, Alabama 36104

PS Form 3800, August 2006          See Reverse for...

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

The Hartford Insurance Company
c/o CSC Lawyers Incorporating Services, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  D Brown                    ☑ Agent
                               ☐ Address
B. Received by ( Printed Name)    C. Date of Delivery
D Brown                        6/21/07
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)   7007 0220 0004 5513 8864

PS Form 3811, February 2004   Domestic Return Receipt  6/26  Talmadg  102595-02-M-15

OPERATOR: JAF
PREPARED: 06/19/2007

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

TANGELA DAVIS BOSTON,                    )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )    Case No.: _CV-07-018_
                                         )
THE HARTFORD INSURANCE                   )
COMPANY and Fictitious Defendant A       )
                                         )
    Defendant.                           )

**FILED IN OFFICE**

MAY 29 2007

~Dale Laye~

CLERK

COMPLAINT

Count One

    1.    Defendant The Hartford Insurance Company (hereinafter "Hartford") is a corporation, organized and existing under the laws of the State of Connecticut, and engaged in the business of issuing insurance policies.

    2.    Defendant Hartford issued a policy of automobile insurance to Francis Davis, which included uninsured motorist and underinsured motorist coverage for Plaintiff Tangela Davis Boston. The policy was in full force and effect on May 27, 2005.

    3.    On May 27, 2005, Alabama, Joseph Christopher Myles, who was at the time an underinsured motorist, negligently and wantonly operated a vehicle in Geneva County, Alabama so as to cause it to collide with a vehicle operated by Jessica Dianna Reeves and so as to cause the vehicle being driven by Jessica Dianna Reeves to collide with a vehicle owned by Francis Davis and occupied by Plaintiff Tangela Davis Boston.

    4.    As a proximate result of the negligence and wantonness of said underinsured motorist, Plaintiff was caused to suffer and incur the following injuries or damages.

        a.    physical injuries;

    b.     medical expenses;

    c.     pain and suffering;

    d.     mental anguish and emotional distress;

    e.     disability;

    f.     lost wages and diminished earning capacity.

5.    Plaintiff made a claim with Defendant Hartford for benefits under the uninsured motorist provisions of said policy.

6.    Defendant Hartford denied said claim or failed to seasonably act on said claim.

WHEREFORE, Plaintiff demands judgment against the Defendant Hartford for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court, plus costs.

### Count Two

7.    Defendant The Hartford Insurance Company (hereinafter "Hartford") is a corporation, organized and existing under the laws of the State of Connecticut, and engaged in the business of issuing insurance policies.

8.    Defendant Hartford issued a policy of automobile insurance to Francis Davis, which included uninsured motorist and underinsured motorist coverage for Plaintiff Tangela Davis Boston. The policy was in full force and effect on May 27, 2005.

9.    On May 27, 2005, Jessica Dianna Reeves, who was at the time an underinsured motorist, negligently and wantonly operated a vehicle in Geneva County, Alabama so as to cause it to collide with a vehicle owned by Francis Davis and occupied by Plaintiff Tangela Davis Boston.

10.    As a proximate result of the negligence and wantonness of said underinsured motorist, Plaintiff was caused to suffer and incur the following injuries or damages.

      a.    physical injuries;

      b.    medical expenses;

      d.    pain and suffering;

      d.    mental anguish and emotional distress;

      e.    disability;

      f.    lost wages and diminished earning capacity.

11.    Plaintiff made a claim with Defendant Hartford for benefits under the uninsured motorist provisions of said policy.

12.    Defendant Hartford denied said claim or failed to seasonably act on said claim.

WHEREFORE, Plaintiff demands judgment against the Defendant Hartford for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court, plus costs.

<u>Count Three</u>

13.    Defendant The Hartford Insurance Company (hereinafter "Hartford") is a corporation, organized and existing under the laws of the State of Connecticut, and engaged in the business of issuing insurance policies.

14.    Defendant Hartford issued a policy of automobile insurance to Francis Davis, which included uninsured motorist and underinsured motorist coverage for Plaintiff Tangela Davis Boston. The policy was in full force and effect on May 27, 2005.

15.     On May 27, 2005, Joseph Christopher Myles and Jessica Dianna Reeves, who were at the time an underinsured motorists, negligently and wantonly operated motor vehicles in Geneva County, Alabama so as to cause a collision with a vehicle owned by Francis Davis and occupied by Plaintiff Tangela Davis Boston.

16.     As a proximate result of the negligence and wantonness of said underinsured motorists, Plaintiff was caused to suffer and incur the following injuries or damages.

    a.     physical injuries;

    b.     medical expenses;

    e.     pain and suffering;

    d.     mental anguish and emotional distress;

    e.     disability;

    f.     lost wages and diminished earning capacity.

17.     Plaintiff made a claim with Defendant Hartford for benefits under the uninsured motorist provisions of said policy.

18.     Defendant Hartford denied said claim or failed to seasonably act on said claim.

WHEREFORE, Plaintiff demands judgment against the Defendant Hartford for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court, plus costs.

<u>Count Four</u>

19.     Fictitious Defendant A is a corporation or other entity engaged in the business of issuing insurance policies.

20.    Fictitious Defendant A issued a policy of automobile insurance to Francis Davis, which included uninsured motorist and underinsured motorist coverage for Plaintiff Tangela Davis Boston. The policy was in full force and effect on May 27, 2005.

21.    On May 27, 2005, Joseph Christopher Myles, who was at the time an underinsured motorist, negligently and wantonly operated a vehicle in Geneva County, Alabama so as to cause it to collide with a vehicle operated by Jessica Dianna Reeves and so as to cause the vehicle being driven by Jessica Dianna Reeves to collide with a vehicle owned by Francis Davis and occupied by Plaintiff Tangela Davis Boston.

22.    As a proximate result of the negligence and wantonness of said underinsured motorist, Plaintiff was caused to suffer and incur the following injuries or damages.

    a.    physical injuries;

    b.    medical expenses;

    f.    pain and suffering;

    d.    mental anguish and emotional distress;

    e.    disability;

    f.    lost wages and diminished earning capacity.

23.    Plaintiff made a claim with Fictitious Defendant A for benefits under the uninsured motorist provisions of said policy.

24.    Fictitious Defendant A denied said claim or failed to seasonably act on said claim.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendant A for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court, plus costs.

Count Five

25.     Fictitious Defendant A is a corporation or other entity engaged in the business of issuing insurance policies.

26.     Fictitious Defendant A issued a policy of automobile insurance to Francis Davis, which included uninsured motorist and underinsured motorist coverage for Plaintiff Tangela Davis Boston. The policy was in full force and effect on May 27, 2005.

27.     On May 27, 2005, Jessica Dianna Reeves, who was at the time an underinsured motorist, negligently and wantonly operated a vehicle in Geneva County, Alabama so as to cause it to collide with a vehicle owned by Francis Davis and occupied by Plaintiff Tangela Davis Boston.

28.     As a proximate result of the negligence and wantonness of said underinsured motorist, Plaintiff was caused to suffer and incur the following injuries or damages.

    a.     physical injuries;

    b.     medical expenses;

    g.     pain and suffering;

    d.     mental anguish and emotional distress;

    e.     disability;

    f.     lost wages and diminished earning capacity.

29.    Plaintiff made a claim with Fictitious Defendant A for benefits under the uninsured motorist provisions of said policy.

30.    Fictitious Defendant A denied said claim or failed to seasonably act on said claim.

WHEREFORE, Plaintiff demands judgment against the Defendant Hartford for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court, plus costs.

### Count Six

31.    Fictitious Defendant A is a corporation or other entity engaged in the business of issuing insurance policies.

32.    Fictitious Defendant A issued a policy of automobile insurance to Francis Davis, which included uninsured motorist and underinsured motorist coverage for Plaintiff Tangela Davis Boston. The policy was in full force and effect on May 27, 2005.

33.    On May 27, 2005, Joseph Christopher Myles and Jessica Dianna Reeves, who were at the time an underinsured motorists, negligently and wantonly operated motor vehicles in Geneva County, Alabama so as to cause a collision with a vehicle owned by Francis Davis and occupied by Plaintiff Tangela Davis Boston.

34.    As a proximate result of the negligence and wantonness of said underinsured motorists, Plaintiff was caused to suffer and incur the following injuries or damages.

    a.    physical injuries;

    b.    medical expenses;

    h.    pain and suffering;

d.     mental anguish and emotional distress;

e.     disability;

f.     lost wages and diminished earning capacity.

35.     Plaintiff made a claim with Fictitious Defendant A for benefits under the uninsured motorist provisions of said policy.

36.     Fictitious Defendant A denied said claim or failed to seasonably act on said claim.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendant A for compensatory and punitive damages in excess of the minimum jurisdictional limits of this Court, plus costs.

Dan Talmadge (TAL013)
MORRIS, CARY ANDREWS,
TALMADGE & JONES, LLC
P. O. Box 1649
Dothan, Alabama 36302
Tel. (334) 792-1420
Fax. (334) 673-0077

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury.

Dan Talmadge

# EXHIBIT B

```
POL #55PHH964253      PROD 334108          REQ CD ROM          RE R

      INSD DAVIS,FRANCES                          POLICY PROCESS DT 010405
      ADDR P O BOX 71                               RATE TABLE DT     110204
      CITY CHIPLEY                         ST FL ZIP 32428-0071     HBB
   POL TERR 075  COUNTY                    OVRD ZIP    -

                  POL                              NC          PAY  HCC RATE
  SUB SHT CO PLAN ST EFF    EXP   TERM INST PF RNST A/C RI STAT LAPSE IND PLAN
      DAV P   1 FL 021905 021906 12                   1 A                 2000

    ---TABS---     BILL PHSE ORIG        RNL          CHG      TRANS AARP
  ACCT NO   PLAN  METH  CD  POL DT TX CD CDT  ACT   CH# EFF DT  DT PROC MEMB
  84012734  MO    1   01 021904 9000      CHG   01 052105 062405  Y

  LTERM PCANCCDE STATE EXCEPTION N  RSN          REAPP
  CR  MVR CRT HO POL #/FORM COMPANION POL#  POL  U/W CRU CLUE        PC  BKT#
                                                    C      S   8509

  PREVIOUS:   POL #      PROD   CO   POL PLAN STATE  RET COM CR ST BOOKLET
              55PHH964253 334108  P            FL         N
                                                   ---TABS---    BILL
  FUTURE:     POL #      PROD   SUB   CO POL PLAN   ACCT NO   PLAN METH
    NR CODE                     P/L QUAL CODE

  AUTO 1 GARAGE  718 ORANGE SCHIPLEY     ST FL ZIP 32428-2148 OVRD ZIP
  AUTO   GARAGE                          ST    ZIP           OVRD ZIP

  POL PKG ENH CD:   HOMESHP DWG CD:      RES OCCPY YR CNT:

  SCORE REASON CODES: NO HIT      ORDER DATE: 02/04MODEL: V
                                  INET CR IND N MTR CLB CR N ADV ISS N
```

--- LOSS PAYEE/LESSOR INFO ---
**** NO LOSS PAYEE INFO FOR THIS POLICY ****

----- AUTO INFO -----

```
  AUTO                           VIN DT  N PURCH         MAKE
    #  YR MAKE  MDL/BODY     VIN      VER PRCH U PRICE  TYPE   CD
    1  98 TOYOT CAMRY CE/LE/XLE JT2BG22K0W0142476 A         PP     62

  AUTO  RATE        DAYS/MILE CAR      VIN     L PD  DDC      IPO  GS  FZN
    #   TERR CLASS  WEEK/WORK POOL USE SYM BYP PERF P SUR  CR LSR SUR  CR  AGE
    1   075 C262AJ              P    E                      N

  AUTO ANTI SEAT AIR     FULL  ANN  FUTUR -PREVIOUS-- --CURRENT-- INSP
    #  THFT BELT BAG ABS DRL GLASS MLGE MLGE  ODM   DATE ODM   DATE INFO
    1  A         B    B       10000           049000 1099 091000 0204

  AUTO MTHM MTHM/TRLR MTHM   RV    RV   ROUND 4   RSA  PS HAZ ENGCC MCYCLE
    #  LGTH   RESID  LAYUP ASSOC APPLD MODIFIER APPLD EXCL SIZE  DRVR
    1                                             N

  AUTO# BI/PD SYM    MED/PIP/UM SYM
    1
```

----- DRIVER INFO -----

```
    # NAME              DOB     MS SEX OCC     LIC #            DT LIC
    1 DAVIS,FRANCES    111142 W  F LPN      D120247429110   FL 111158
```

-STATE SPECIFIC-

DRV P  %  L D G DEF    ADV SCH  MCYCLE AGE DVR RET 3YR MVR MVR
CAR O USE D T S DRV DT DDC 100+ DDC DT INC PTS CR  MVR  CD AGE IPO ACC CONV SPD
 1 X                               0           Y        1

# DRIV OVER 5 =   YR PT FR =   TOT SDI =    # ACC =     # CONV =     INEXP PO =
IFC =     SDP =    AVD =                   FR-SUR =      FR-NC =    SPEED =

DRIVER    EXT           EXT NON PREMIUMS
  #       NON      BI          PD           MED
  1

          AD+D                   AD+D PREM      O/R
  #   I   II   III   IV      I+II    III+IV   VEHS
  1

------ TIERING INFO ------

          NO INC INCEPT CAPPED      SCORE MODEL: V SS# IND: N
VEH# TIER TIER   TIER   TIER       INSUR SCORE: W7
  1   A2
  2
  3
  4

------ SDIP INFO ------

          YEARS   --INCIDENT COUNTS AND AGE IN MONTHS (3 YEAR STATE)--
DVR  DRV  CLEAN  MAJ-CNV  MIN-CNV  AF-ACC   NCAF-ACC NAF-ACC
  #  VEH  (0-5)  CNT AGE  CNT AGE  CNT AGE  CNT AGE  CNT AGE
  1   1     5     0  00    0  00    0  00    0  00    0  00
  2
  3
  4
  5

          YRS INCID FREE: 00
              LONG INCID: 00

------------ COVERAGES ------------

       LIMITS                            PREMIUMS BY AUTO
                                 1        2        3         4
BI     25/ 50              $ 104.00 $        $        $
PD     25                 $  69.00 $        $        $
PAS HAZ                   $        $        $        $
MED                       $        $        $        $
UM    *  25/ 50           $  55.00 $        $        $
          ADDTL CHG INC LIMITS  $  26.00 $        $        $
   * - (UM LIMITS ARE STACKED)

PDBUYBACK
NO FAULT     FL FULL INS/HH; WKLS XT PIP
                                          PREMIUMS BY AUTO
                                 1        2        3         4
PIP                       $  97.00 $        $        $
ADD PIP

INC                 FMLY #
     (BPP   PIP 1 DPD   ------ FOR SYSTEMS USE)

```
              LIMITS BY AUTO                        PREMIUMS BY AUTO
          1      2      3      4          1            2           3              4
NON COLL   500                     $    35.00  $           $           $
COLL       500                     $   114.00  $           $           $
STATED
  AMOUNT
CUSTOMIZED
NON COLL
COLL                               $           $           $           $
STA AMT
LOAN/LEASE COV COMP                $           $           $           $
LOAN/LEASE COV COLL                $           $           $           $
NAC  N
              PGM ELIG =ZFORGV =ZEARN DIS DED   0

NCRF LOSS RECOUP/ALLOC
NCRF CLEAN RISK RECOUP/ALLOC

              LIMITS BY AUTO                        PREMIUMS BY AUTO
          1      2      3      4          1            2           3              4
T & L      050                     $     6.00  $           $           $
EXCESS SOUND                       $           $           $           $
AUDIO/VISUAL                       $           $           $           $
TAPES ONLY                         $           $           $           $
TRANSP EXP  020                    $    INCL   $           $           $
CPL COV                            $           $           $           $
SPEC PERIL                         $           $           $           $
  TOTAL PREMIUM BY AUTO            $   506.00  $           $           $

PERSONAL UMBRELLA
OTHER ENDT PREMIUM       $    367.00-
FULL TERM PREMIUM  $    506.00   PROPOSED HOMEOWNER ACCT CR $   35.00

              ----- ENDORSEMENTS -----

ENDT  A4506 0  A4832 1  A5750 1  A5884 1  A5579 2  A5906 0
```

EXHIBIT C



05 ACTR 9-46                                                    Page 1

2005 WL 2513796 (Ala.Cir.Ct.), 5 ACTR 9-46

**(Publication page references are not available for this document.)**


Copyright (C) 2007 by Florida Legal Periodicals, Inc.

Circuit Court of Alabama, Fifteenth Judicial Circuit, Montgomery County.
BILLY SMITH vs. STATE FARM MUTUAL AUTO **INSURANCE**
CV-1998-1851

DATE OF VERDICT/SETTLEMENT: March 11, 2005

TOPIC: Motor Vehicle Accident/Sideswipe Collision

SUMMARY:
  VERDICT: $175,000 for Plaintiff on March 11, 2005 ($150,000 -
uninsured/underinsured **motorist** benefits; $25,000 - compensatory damages for **bad
faith**).

EXPERT-WITNESSES:

  n/a

  n/a

ATTORNEY(S):
  Plaintiff's: Kenny Mendelsohn and Tommy James of Jemison, Mendelsohn & James,
PC., Montgomery
  Defendant's: Michael B. Beers and James Anderson of Beers, Anderson, etal.,
Montgomery

JUDGE: Tracy S. McCooey

RANGE AMOUNT: $100,000-199,999
STATE: Alabama

COUNTY: Montgomery

NATURE OF INJURY: Monetary loss.

SUMMARY:
Plaintiff Information:
  Age: n/a
  Sex: n/a
  Occupation: n/a

FACTS:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

05 ACTR 9-46                                                          Page 2

2005 WL 2513796 (Ala.Cir.Ct.), 5 ACTR 9-46

**(Publication page references are not available for this document.)**

Cause of Injury: On May 2, 1997, in Montgomery, Plaintiff was involved in a motor
vehicle accident with Andrew Sullivan, an underinsured **motorist**. Plaintiff and the
tortfeasor were making a dual turn when the tortfeasor sideswiped Plaintiff. Pl
aintiff filed a claim against Sullivan and Alfa **Insurance** and settled for $25,000,
which was Sullivan's policy limit. Defendant, Plaintiff's **insurance** provider,
consented to the settlement. Plaintiff then filed a claim for
underinsured/uninsured motor ist benefits against Defendant alleging that
Defendant breached its policy of **insurance** by failing to pay benefits due under
Plaintiff's uninsured/underinsured **motorist** coverage.

Florida Legal Periodicals, Inc.

Alabama Circuit Courts

PUBLISHED IN: Alabama Civil Trial Reporter

 2005 WL 2513796 (Ala.Cir.Ct.), 5 ACTR 9-46

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

JVR No. 396527

Page 1

2001 WL 1880102 (Unknown State Ct.), JVR No. 396,527

**(Publication page references are not available for this document.)**

COPR. (C) 2007 LRP Publications

SOCKWELL v. NATIONAL **INSURANCE** ASSOCIATION; GRE**INSURANCE** GROUP 'A'
CV 99-90

DATE OF INCIDENT: March, 1997

DATE OF FILING: March, 1999

DATE OF TRIAL: February, 2001

TOPIC:
LIABILITY:
General: **INSURANCE** NEGLIGENCE
Specific: Underinsured Claim

SUMMARY
  Was Appeal Filed: Yes
  Name of Person(s) Filing: National **Insurance** Association
Outcome: Plaintiff Verdict
Total Verdict: $801,000
Claimed Past Medical: $60,000

EXPERT-WITNESSES:

ATTORNEY:
  Plaintiff: James Michael Tanner, Tuscumbia, AL
  Defendant: Ralph M Young, Florence, AL

JUDGE:

FOR RELATED CASE LAW OPINIONS SEE:

2002 WL 399041

RANGE AMOUNT: $500,000 - $999,999
STATE: Alabama

COUNTY: Colbert County

PRIMARY INJURY: **Bad Faith**

SUMMARY

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 396527                                                    Page 2

2001 WL 1880102 (Unknown State Ct.), JVR No. 396,527

**(Publication page references are not available for this document.)**


PLAINTIFF:
  Sex: Female
  Age: An adult of undetermined age.
DECEDENT:
DEFENDANT:
  Type: Multiple Organizations
  Sex: Organization
  Organization Type: **INSURANCE**
DAMAGES:
Pain and Suffering: $201,000
Total: $201,000
  Punitive: $600,000

FACTS:
  A female suffered emotional distress from the **bad faith** business practices of
the defendant **insurance** company after the vehicle in which she was a passenger was
struck from the rear by a non-party underinsured vehicle on a public roadway. The
plaintiff contended that the defendant issued a policy of **insurance** which provided
for underinsured **motorist** coverage and failed to uphold the provisions of that
policy. The defendant denied liability.

LRP Publications

COURT:

  2001 WL 1880102 (Unknown State Ct.), JVR No. 396,527

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



JVR No. 374858                                                                 Page 1

1998 WL 1668836 (Unknown State Ct.), JVR No. 374,858

**(Publication page references are not available for this document.)**

COPR. (C) 2007 LRP Publications

TAYLOR v. SAFEWAY INSURANCE CO.
CV 97-3120

DATE OF INCIDENT: December, 1996

DATE OF FILING: May, 1997

DATE OF TRIAL: July, 1998

TOPIC:
LIABILITY:
General: VEHICULAR LIABILITY
Specific: Uninsured Motorist

SUMMARY
Outcome: Plaintiff Verdict
Non Verdict Award: $342,500
Total Verdict: $342,500

EXPERT-WITNESSES:

ATTORNEY:

JUDGE:

RANGE AMOUNT: $200,000 - $499,999
STATE: Alabama

COUNTY: Jefferson County

PRIMARY INJURY: Emotional Distress

SUMMARY
PLAINTIFF:
  Sex: Female
DECEDENT:
DEFENDANT:
  Type: Single Organization
  Sex: Organization
  Organization Type: INSURANCE
DAMAGES:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 374858                                                    Page 2

1998 WL 1668836 (Unknown State Ct.), JVR No. 374,858

(Publication page references are not available for this document.)


Other: $92,500
Total: $92,500
  Punitive: $250,000

FACTS:
   A female suffered emotional distress when her vehicle, which was operated by the
female co-plaintiff, was struck broadside at an intersection by an uninsured
motorist's vehicle, and the defendant insurance company failed to pay her uninsured
motorist claim. The plaintiff contended that the defendant acted in bad faith and
failed to provide adequate information as to the status of her insurance policy.
The defendant denied negligence and contended that the plaintiff failed to provide
the proper information on her insurance application. The co-plaintiff also
sustained injuries in this incident and received $3,500 in damages. The defendant
subsequently filed a counterclaim.

LRP Publications

COURT:

  1998 WL 1668836 (Unknown State Ct.), JVR No. 374,858

END OF DOCUMENT


© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

JVR No. 374859                                                  Page 1

1998 WL 1668837 (Unknown State Ct.), JVR No. 374,859

(Publication page references are not available for this document.)

COPR. (C) 2007 LRP Publications

TAYLOR PRO AMI v. SAFEWAY INSURANCE CO.
CV 97-3120

DATE OF INCIDENT: December, 1996

DATE OF FILING: May, 1997

DATE OF TRIAL: July, 1998

TOPIC:
LIABILITY:
General: VEHICULAR LIABILITY
Specific: Uninsured Motorist

SUMMARY
Outcome: Plaintiff Verdict
Non Verdict Award: $3500
Total Verdict: $3500

EXPERT-WITNESSES:

ATTORNEY:

JUDGE:

RANGE AMOUNT: $0 - $49,999
STATE: Alabama

COUNTY: Jefferson County

PRIMARY INJURY: Emotional Distress

SUMMARY
PLAINTIFF:
  Sex: Female
  Age: 16
DECEDENT:
DEFENDANT:
  Type: Single Organization
  Sex: Organization
  Organization Type: INSURANCE

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 374859                                                    Page 2

1998 WL 1668837 (Unknown State Ct.), JVR No. 374,859

(Publication page references are not available for this document.)


DAMAGES:
Other: $3500
Total: $3500

FACTS:
  A 16-year-old female suffered emotional distress when the vehicle that she was
operating, which was owned by the female co-plaintiff, was struck broadside at an
intersection by an uninsured motorist's vehicle and the defendant insurance
company failed to pay the co-plaintiff's uninsured motorist policy. The pkaintiff
contended that the defendant acted in bad faith and failed to provide adequate
information about the status of the co-plaintiff's coverage. The defendant denied
liability and contended that the co-plaintiff was negligent in failing to provide
adequate information on her insurance application. The co-plaintiff also sustained
injuries in this incident and received $342, 500 in damages. The defendant
subsequently filed a counterclaim.

LRP Publications

COURT:

  1998 WL 1668837 (Unknown State Ct.), JVR No. 374,859

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

JVR No. 142649                                                    Page 1

1994 WL 765715 (Ala.Cir.Ct.), JVR No. 142,649

**(Publication page references are not available for this document.)**

COPR. (C) 2007 LRP Publications

Circuit Court of Alabama, Thirteenth Judicial Circuit, Mobile County.
POTTER, PRO AMI v. ALFA MUTUAL **INSURANCE** CO.
92-3810

DATE OF INCIDENT: October, 1991

DATE OF FILING: October, 1992

DATE OF TRIAL: March, 1994

TOPIC:
LIABILITY:
General: **INSURANCE**
Specific: Underinsured claim

SUMMARY
Outcome: Plaintiff Verdict
Non Verdict Award: $20,000
Total Verdict: $20,000
Final Demand: $30,000
Final Offer: $10,000
Claimed Past Medical: $16,000

EXPERT-WITNESSES:

ATTORNEY:

JUDGE:

RANGE AMOUNT: $0 - $49,999
STATE: Alabama

COUNTY: Mobile County

PRIMARY INJURY: **Bad Faith**

SUMMARY
PLAINTIFF:
  Sex: Female
  Age: 13
DECEDENT:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 142649                                                    Page 2

1994 WL 765715 (Ala.Cir.Ct.), JVR No. 142,649

**(Publication page references are not available for this document.)**

DEFENDANT:
  Type: Single Organization
  Sex: Organization
  Organization Type: **Insurance**
  **Insurance**: Alfa Mutual **Insurance** Co.
DAMAGES:
Other: $20,000
Total: $20,000

FACTS:
  The plaintiff filed suit against the defendant **insurance** company for
underinsured benefits after his 13-year-old daughter was injured in an automobile
accident with an underinsured motorist. The plaintiff contended that the defendant
was negligent for refusing to pay his claim for additional coverage. The defendant
contended that the plaintiff was already compensated for the minor's injuries.

LRP Publications

COURT: Circuit

 1994 WL 765715 (Ala.Cir.Ct.), JVR No. 142,649

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



JVR No. 142651                                        Page 1

1993 WL 764823 (Ala.Cir.Ct.), JVR No. 142,651

**(Publication page references are not available for this document.)**

COPR. (C) 2007 LRP Publications

Circuit Court of Alabama, Thirteenth Judicial Circuit, Mobile County.
PRYOR v. STATE FARM MUTUAL AUTO **INSURANCE** CO.
92-3606

DATE OF INCIDENT: October, 1990

DATE OF FILING: January, 1992

DATE OF TRIAL: November, 1993

TOPIC:
LIABILITY:
General: **INSURANCE**
Specific: Denied payment

SUMMARY
Outcome: Plaintiff Verdict
Non Verdict Award: $35,000
Total Verdict: $35,000
Final Offer: $30,000
Claimed Past Medical: $2500

EXPERT-WITNESSES:

ATTORNEY:

JUDGE:

RANGE AMOUNT: $0 - $49,999
STATE: Alabama

COUNTY: Mobile County

PRIMARY INJURY: **Bad Faith**

SUMMARY
PLAINTIFF:
  Sex: Male
  Age: 35
  General Occupation: GENERAL LABORER
  Occupational Field: SERVICES-AUTO REPAIR AND PARKING

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 142651                                                              Page 2

1993 WL 764823 (Ala.Cir.Ct.), JVR No. 142,651

(Publication page references are not available for this document.)


DECEDENT:
DEFENDANT:
   Type: Single Organization
   Sex: Organization
   **Insurance: Insurance**
   Policy Limit: $100,000
DAMAGES:
Past Medical: $2802
Past Wage: $10,000
Pain and Suffering: $22,198
Total: $35,000
DEFENDANT ADMITTED LIABILITY: Yes

FACTS:
   A 35-year-old male wrecker operator suffered **bad faith** when the defendant
**insurance** carrier denied payment of uninsured **motorist** benefits after the
plaintiff suffered a fracture of the T7 vertebra in a collision with an uninsured
vehicle. The plaintiff contended that the defendant had inssued two policies which
contained uninsured / underinsured **motorist** provisions. Liability was admitted,
but the defendant disputed the severity of the plaintiff's injuries and maintained
that the plaintiff failed to avoid the collision.

LRP Publications

COURT: Circuit

   1993 WL 764823 (Ala.Cir.Ct.), JVR No. 142,651

END OF DOCUMENT


© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



JVR No. 123562

Page 1

1993 WL 629471 (Ala.Cir.Ct.), JVR No. 123,562

(Publication page references are not available for this document.)

COPR. (C) 2007 LRP Publications

Circuit Court of Alabama, Fifteenth Judicial Circuit, Montgomery County.
SAMPSON v. MIDWEST MUTUAL INSURANCE COMPANY
CV93-22

DATE OF INCIDENT: May, 1992

DATE OF FILING: January, 1993

DATE OF TRIAL: October, 1993

TOPIC:
LIABILITY:
General: **INSURANCE**
Specific: Fraud or misrepresentation

SUMMARY
Outcome: Defense Verdict
Non Verdict Award: $0
Final Demand: $10,000,000

EXPERT-WITNESSES:

ATTORNEY:

JUDGE:

RANGE AMOUNT: $0 - $49,999
STATE: Alabama

COUNTY: Montgomery County

PRIMARY INJURY: **Bad Faith**

SUMMARY
PLAINTIFF:
  Sex: Male
DECEDENT:
DEFENDANT:
  Type: Single Organization
  Sex: Organization
  Organization Type: **Insurance**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 123562

1993 WL 629471 (Ala.Cir.Ct.), JVR No. 123,562

**(Publication page references are not available for this document.)**

DAMAGES:

FACTS:
    A male suffered emotional distress when the defendant **insurance** company failed to pay benefits after the plaintiff was involved in a vehicular accident. The plaintiff contended that the defendant forged the plaintiff's signature on uninsured **motorist** coverage waiver, accepted premium payments, and refused to pay the plaintiff's claim. The defendant denied that it received an uninsured motorist coverage premium from the plaintiff.

LRP Publications

COURT: Circuit

 1993 WL 629471 (Ala.Cir.Ct.), JVR No. 123,562

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

JVR No. 75396                                                    Page 1

1991 WL 452339 (Ala.Cir.Ct.), JVR No. 75,396

(Publication page references are not available for this document.)


COPR. (C) 2007 LRP Publications

Circuit Court of Alabama, Fifteenth Judicial Circuit, Montgomery County.
INGE v. STATE FARM MUTUAL AUTO INSURANCE CO.
CV 90-1981

DATE OF TRIAL: September, 1991

TOPIC:
LIABILITY:
General: INSURANCE
Specific: Uninsured claim

SUMMARY
Outcome: Plaintiff Verdict
Non Verdict Award: $250,000
Total Verdict: $250,000
Final Demand: $75,000

EXPERT-WITNESSES:

ATTORNEY:

JUDGE:

RANGE AMOUNT: $200,000 - $499,999
STATE: Alabama

COUNTY: Montgomery County

PRIMARY INJURY: Bad Faith

SUMMARY
PLAINTIFF:
  Sex: Female
  Age: 55
  Race: White
  General Occupation: GENERAL LABORER
DECEDENT:
DEFENDANT:
  Type: Single Organization
  Sex: Organization
  Organization Type: Insurance

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 75396                                                              Page 2

1991 WL 452339 (Ala.Cir.Ct.), JVR No. 75,396

**(Publication page references are not available for this document.)**

DAMAGES:
Other: $250,000
Total: $250,000

FACTS:
   A 55-year-old white female clerk suffered the loss of monetary compensation for
her daughter's death when the defendant **insurance** company refused payment of her
claim. The plaintiff alleged that the defendant was negligent for failing to pay
her uninsured **motorist** benefits after she settled with the tort feasor for his
policy limits. The defendant contended that the tortfeasor was not legally
responsible for the plaintiff's daughter's death, so the defendant was not
required to pay the benefits. Demand: $75,000. Offer: $0. Plaintiff Attorney:
Beasley, Wilson, et al. by Kenneth J. Medelsohn, Montgomery, AL. Defense Attorney:
Hill, Hill, et al. by David E. Allred, Montgomery, AL.

LRP Publications

COURT: Circuit

 1991 WL 452339 (Ala.Cir.Ct.), JVR No. 75,396

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



JVR No. 72716                                                              Page 1

1991 WL 450189 (Ala.Cir.Ct.), JVR No. 72,716

**(Publication page references are not available for this document.)**

COPR. (C) 2007 LRP Publications

Circuit Court of Alabama, Third Judicial Circuit, Barbour County.
BOYKIN v. TRINITY INSURANCE CO.
CV 90 02

DATE OF INCIDENT: August, 1989

DATE OF FILING: January, 1990

DATE OF TRIAL: June, 1991

TOPIC:
LIABILITY:
General: **INSURANCE**
Specific: Uninsured claim

SUMMARY
Outcome: Plaintiff Verdict
Non Verdict Award: $6,020,000
Total Verdict: $6,020,000
Final Demand: $1,250,000
Final Offer: $50,000
Claimed Past Medical: $210,000

EXPERT-WITNESSES:

ATTORNEY:

JUDGE:

RANGE AMOUNT: $5,000,000 - $999,999,999
STATE: Alabama

COUNTY: Barbour County

PRIMARY INJURY: **Bad Faith**

SUMMARY
PLAINTIFF:
  Sex: Male
  Age: 17
DECEDENT:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 72716                                                                    Page 2

1991 WL 450189 (Ala.Cir.Ct.), JVR No. 72,716

(Publication page references are not available for this document.)

DEFENDANT:
  Type: Single Organization
  Sex: Organization
  Organization Type: **Insurance**
DAMAGES:
Other: $1,020,000
Total: $1,020,000
  Punitive: $5,000,000

FACTS:
  A 17-year-old male student suffered emotional distress and claimed **bad faith**
against the defendant **insurance** company for failing to pay him the contractual
uninsured **motorist** benefits due to him after being injured in an automobile
accident. The plaintiff claimed that the defendant failed to perform an
investigation into the accident and thus failed to pay the plaintiff the benefits.
Subsequent to the filing of the suit, the defendant offered to pay the benefits if
the plaintiff agreed to dismiss the charges. The defendant denied the plaintiff's
allegation of failure to investigate. The award was comprised of $1,000,000 for
compensatory damages, $5,000,000 for punitive damages, and $20,000 for contract
benefits. Demand: $1,250,000. Offer: $50,000. Plaintiff Attorney: Beasley, Wilson,
et al. by Jere L. Beasley, Montgomery, AL. Defense Attorney: Buntin, Cobb, et al.
by Steadman S. Shealy, Dothan, AL.

LRP Publications

COURT: Circuit

  1991 WL 450189 (Ala.Cir.Ct.), JVR No. 72,716

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



JVR No. 63535                                                          Page 1

1990 WL 460749 (Ala.Cir.Ct.), JVR No. 63,535

**(Publication page references are not available for this document.)**

COPR. (C) 2007 LRP Publications

Circuit Court of Alabama, Eleventh Judicial Circuit, Lauderdale County.
BURDEN, ET AL. v. EMPIRE FIRE AND MARINE **INSURANCE** CO.
N/A

DATE OF INCIDENT: February, 1988

DATE OF TRIAL: March, 1990

TOPIC:
LIABILITY:
General: **INSURANCE**
Specific: Uninsured claim

SUMMARY
Outcome: Plaintiff Verdict
Non Verdict Award: $1,400,000
Total Verdict: $1,400,000

EXPERT-WITNESSES:

ATTORNEY:

JUDGE:

RANGE AMOUNT: $1,000,000 - $1,999,999
STATE: Alabama

COUNTY: Lauderdale County

PRIMARY INJURY: **Bad Faith**

SUMMARY
PLAINTIFF:
DECEDENT:
DEFENDANT:
  Type: Single Organization
  Sex: Organization
  Organization Type: **Insurance**
DAMAGES:
Other: $400,000
Total: $400,000

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 63535                                                    Page 2

1990 WL 460749 (Ala.Cir.Ct.), JVR No. 63,535

**(Publication page references are not available for this document.)**

   Punitive: $1,000,000

FACTS:
   A female and her 7-month-old son suffered **bad faith** when their **insurance**payment
was delayed. The plaintiffs had been involved in a vehicular collision with an
uninsured driver. The plaintiffs were both seriously injured in the collision, but
the 10-year-old sister and daughter of the plaintiffs was killed. The uninsured
**motorist** that caused the collision was intoxicated at the time and later pleaded
guilty to manslaughter. #

LRP Publications

COURT: Circuit

 1990 WL 460749 (Ala.Cir.Ct.), JVR No. 63,535

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



JVR No. 41021                                           Page 1

1988 WL 372813 (Ala.Cir.Ct.), JVR No. 41,021

**(Publication page references are not available for this document.)**

COPR. (C) 2007 LRP Publications

Circuit Court of Alabama, Thirty-first Judicial Circuit, Colbert County.
SCOTT v. STATE FARM AUTO INSURANCE COMPANY
CV-87-255-J

DATE OF INCIDENT: April, 1986

DATE OF FILING: June, 1987

DATE OF TRIAL: November, 1988

TOPIC:
LIABILITY:
General: BAD FAITH
Specific: Coverage Denied

SUMMARY
Outcome: Plaintiff Verdict
Total Verdict: $66,250

EXPERT-WITNESSES:

ATTORNEY:
   Plaintiff: William K. Hewlett, Tuscumbia, AL.
   Defendant: Steve A. Baccus, Tuscumbia, AL.

JUDGE:

RANGE AMOUNT: $50,000 - $99,999
STATE: Alabama

COUNTY: Colbert County

PRIMARY INJURY: Emotional Distress

SUMMARY
DAMAGES:
Other: $66,250
Total: $66,250

FACTS:
   A male suffered emotional distress when his claim for injuries that he received

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 41021                                                        Page 2

1988 WL 372813 (Ala.Cir.Ct.), JVR No. 41,021

**(Publication page references are not available for this document.)**

in an automobile accident was refused. The plaintiff contended that the defendant
failed to pay on a claim under the plaintiff's uninsured **motorist** coverage.
Plaintiff Attorney: William K. Hewlett, Tuscumbia, AL. Defense Attorney: Steve A.
Baccus, Tuscumbia, AL.

LRP Publications

COURT: Circuit

 1988 WL 372813 (Ala.Cir.Ct.), JVR No. 41,021

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



JVR No. 81073                                                                                          Page 1

1990 WL 482595 (Ala.Cir.Ct.), JVR No. 81,073

**(Publication page references are not available for this document.)**


COPR. (C) 2007 LRP Publications

Circuit Court of Alabama, Twenty-third Judicial Circuit, Madison County.
KNOPPS v. STATE FARM MUTUAL, ET AL.
CV88302P

DATE OF INCIDENT: June, 1987

DATE OF FILING: February, 1988

TOPIC:
LIABILITY:
General: INSURANCE NEGLIGENCE
Specific: **Bad Faith**

SUMMARY
Outcome: Settlement
Non Verdict Award: $22,500
Claimed Past Medical: $33,335
Claimed Past Wage Expense: $1211

EXPERT-WITNESSES:

ATTORNEY:
  Plaintiff: Trey Riley/Huntsville, AL
  Defendant: James R. Richardson/Huntsville, AL

JUDGE:

RANGE AMOUNT: $0 - $49,999
STATE: Alabama

COUNTY: Madison County

PRIMARY INJURY: Emotional Distress

SUMMARY
PLAINTIFF:
  Sex: Male
  Age: 19
DEFENDANT:
  Type: Combination of Individual(s) and organization(s)
  Sex: Organization

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

JVR No. 81073                                                                    Page 2

1990 WL 482595 (Ala.Cir.Ct.), JVR No. 81,073

**(Publication page references are not available for this document.)**


Organization Type: **Insurance**
**Insurance:** State Farm Ins. Co.

FACTS:
A 19-year-old male plumbing apprentice suffered emotional distress when the
defendant **insurance** carrier failed to pay for medical expenses the plaintiff
incurred from injuries sustained in a collision with an uninsured **motorist** The
plaintiff filed suit against the defendant **insurance** company for uninsured
benefits.

LRP Publications

COURT: Circuit

1990 WL 482595 (Ala.Cir.Ct.), JVR No. 81,073

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.