IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA CEIVED

| | |
|---|---|
| TANGELA DAVIS BOSTON, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| THE HARTFORD INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| **Defendants.** | ) |

2007 JUL 20  A 11: 31

DEBRA P. HACKETT, CLK
CIVIL ACTION CNO. COURT
MIDDLE DISTRICT ALA

1:07CV663-mef

## MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and (6), Federal Rules of Civil Procedure, Defendant, Property and Casualty Insurance Company of Hartford ("P&C") (incorrectly identified as "The Hartford Insurance Company" in the Complaint), files this Motion to Dismiss Plaintiff's claims for bad faith and any other causes of actions other than a possible under-insured motorist claim because: (1) the Plaintiff's claims for bad faith are absolutely barred pursuant to the governing law which requires statutory notice prior to filing such a claim and (2) Plaintiff's claims for bad faith and any claims for breach of contract are premature and are not ripe for adjudication. In support thereof, P&C states as follows:

1.     This action arises out of an accident that occurred in Geneva County, Alabama. *See* Complaint at ¶¶ 3, 9, and 15. The accident was allegedly caused by the negligence of Joseph Christopher Myles and Jessica Dianna Reeves, who have not been named as Defendants in this matter. *Id.* at ¶¶ 3, 9, and 15. At the time of the accident, the Plaintiff was driving, with permission, a vehicle owned by Francis Davis. *Id.* P&C issued a policy of insurance to Ms. Davis that included underinsured motorist coverage. *See* Complaint at ¶¶ 2, 8, 14. The policy at

issue was delivered to Ms. Davis in Florida.[1]  A true and correct copy of the declaration page of

Policy No. 55PHH964253, is attached hereto as Exhibit A.

2.    The Complaint seeks compensatory and punitive damages related to the Plaintiff's

claim for benefits under the uninsured motorist provisions of the policy.  Specifically, the

Complaint states: "Defendant Hartford denied said claim or failed to seasonably act on said

claim," which is a claim for bad faith.  As stated above, the policy at issue is a Florida insurance

policy and, thus, the claims for bad faith are governed by Florida law.  The Eleventh Circuit has

held: "A federal court in a diversity action is required to apply the laws, including principles of

conflict of laws, of the state in which the federal court sits."  *Colonial Life & Accident Ins. V.

Hartford Fire Ins. Co.*, 385 F. 3d 1306, (11th Cir. 2004) (holding that bad faith claims sound in

contract and are governed by the law of the state where the policy was issued.)  Thus, Alabama's

principles governing conflicts of law is determinative and mandates that Florida law governs

interpretation of the policy at issue, including the Plaintiff's claims for bad faith.  *Id., see also

Twin City Fire Ins. Co. v. Colonial Life & Accident Ins. Co.*, 839 So. 2d 614, 616 (Ala. 2002).

3.    The Plaintiff's bad faith claims against P&C are barred by Florida Statue, which

requires: "As a condition precedent to bringing an action under this section, the department and

the authorized insurer must have been given 60 days' written notice of the violation.  If the

department returns a notice for lack of specificity, the 60-day time period shall not begin until a

proper notice is filed."  F.S.A. §624.155 (3) (a).  Further, §624.155 mandates that the notice be

provided on the form prescribed by the Florida Department of Insurance and further delineates

---

[1] The Court may properly consider the policy, including the declaration page, when determining a motion to dismiss even though it was not attached to the Complaint.  "[W]here the documents referred to in the motion are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal. *Orange Beach Development Group, L.P. v. Powers*, 2007 WL 1889814, *3, No. 07-0121-KD-B. (S.D. Ala. June 28, 2007) (citing *Wilchombe v. Teevee Toons, Inc.*, 2006 WL 1553939, *1 (N.D.Ga.2006) citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir.1997).

the information that must be included in the notice.  As the Florida Supreme Court has held: "[t]he sixty-day window is designed to be a cure period that will encourage payment of the underlying claim, and *avoid unnecessary bad faith litigation.*" *Talat Enters., Inc. v. Aetna Cas. & Sur. Co.,* 753 So.2d 1278, 1282 (Fla. 2000) (emphasis added).

4.    The Complaint does not allege (and cannot allege) that the Plaintiff submitted the required notice to the Florida Department of Insurance and P&C.[2]  The court in *Allstate Ins. Co. v. Clohessy,* held that a claim for bad faith must be dismissed under Florida law when the plaintiff has not averred in the complaint that it complied with the notice requirements of §624.155. 32 F.Supp.2d 1328, 1333 (M.D. Fla. 1998).  In so holding, the *Clohessy* Court stated: "[t]he Florida legislature enacted a clear mandate in establishing the condition precedent.  It is, without a doubt, a condition that must be satisfied in order for one to perfect the right to sue under the statute." *Id.*  The Plaintiff's failure to comply with this condition precedent absolutely bars her claims for bad faith against P&C. *Id at* 1333. (holding that "due to the failure of the defendants/counter-plaintiffs to comply with the specified condition precedent, *i.e.,* the failure to file notice with the Florida Department of Insurance, it is imperative that this Court dismiss the defendant/counter-plaintiffs' [claim for bad faith]."); *see also, Nowak v. Lexington,* 464 F. Supp. 2d. at 1252.  Moreover, the Southern District of New York, in a diversity action, stated that if Florida law applied to the plaintiff's claim for bad faith, it must fail under §624.155 because: "[plaintiff's claim for bad faith] is facially deficient in that [plaintiff] failed to prove, or even allege, that it satisfied the condition precedent for actions brought pursuant to the relevant provisions of that law, *i.e.,* 60 day's written notice of the violation to the insurer." *Commercial*

---

[2]  Moreover, it is not sufficient for the plaintiff to put the insurance company on notice of a potential claim for bad faith through correspondence or other means of communication.  Instead, it is an absolute requirement that the plaintiff file a civil remedy notice (CRN) with the Florida Department of Insurance and the insurance company before pursuing a claim for bad faith. *See Nowak v. Lexington,* 464 F. Supp. 2d 1248, 1252 (S.D. Fla. 2006).

*Union Ins. Co. v. Flagship Marine Services, Inc.*, 982 F. Supp. 310 (S.D.N.Y 1997). Therefore, the Plaintiff's claims for bad faith against P&C must be dismissed with prejudice because the Plaintiff did not comply with the condition precedent in §624.155.

5.    Alternatively, the Plaintiff's claims for bad faith must be dismissed without prejudice because these claims are premature and not ripe for adjudication. It cannot be disputed that to establish a *prima facie* case of bad faith the Plaintiff must prove: (1) the existence of liability and (2) the extent of damages. *See Vest v. Travelers Ins. Co.,* 753 So.2d 1270 (Fla. 2000); *Brookins v. Goodson,* 640 So.2d 110 (Fla. Dist. Ct. App. 1994); *Vanguard Fire and Cas. Co. v. Golmon,* 955 So.2d 591, 594 (Fla. Dist. Ct. App. 2006). Further, "absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for [ ] bad faith." *Blanchard v. State Farm Mut. Ins. Co.,* 575 So. 2d 1289, 1291 (Fla. 1991). Here, the Plaintiff has not established the extent of her damages or liability on the part of the uninsured tortfeasors, who are not parties to this action. In fact, the Complaint vaguely alleges that the Plaintiff suffered various personal injuries caused by the tortfeasors, but does not allege the extent of those injuries or that these injuries exceed available coverage for the tortfeasors. Therefore, the Plaintiff's claims for bad faith in failing to pay uninsured motorist benefits are premature and due to be dismissed. *Progressive Select Ins. Co. v. Shockley,* 951 So.2d 20, (Fla. Dist. Ct. App. 2007).[3]

6.    Based on the allegations in the Complaint, the Plaintiff can only maintain a claim against P&C for under-insured benefits.

---

[3] If Alabama law was determined to apply, the Plaintiff's claims must also be dismissed. *Pontius v. State Farm Mut. Auto. Ins. Co.,* 915 So. 2d 557 (Ala. 2005) (holding that " [w]ithout a determination of whether liability exists on the part of the underinsured motorist and the extent of the plaintiff's damages, a claim for bad faith failure to pay or breach of contract is premature. The trial court properly dismissed the claims because the claims were not ripe for adjudication.). *See also LeFevre v. Westberry,* 590 So. 154, 158 (Ala. 1991) (holding that "there can be no breach of an uninsured motorist contract, and therefore no bad faith, until the insured proves that he is legally entitled to recover.").

WHEREFORE PREMISES CONSIDERED, Defendant Property and Casualty Insurance Company of Hartford respectfully requests that the Court enter an Order dismissing **with** prejudice the Plaintiff's claims for bad faith breach of contract for failure to comply with the condition precedent in §624.155, or in the alternative, to dismiss **without** prejudice the Plaintiff's claims for bad faith and breach of contract as those claims are not ripe for adjudication, with leave for the Plaintiff to amend the Complaint to properly plead a claim for underinsured motorist benefits.

Respectfully submitted this the _19th_ day of July, 2007.

One of the Attorneys for Defendant

**Of Counsel:**
**Bert S. Nettles  ASB-5850-S63B**
**Brennan C. Ohme  ASB-8419-M70B**
**Meredith Jowers Lees  ASB-8103-M71J**

HASKELL SLAUGHTER & YOUNG, L.L.C.
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 (FAX)
bsn@hsy.com
bco@hsy.com
mjl@hsy.com

## CERTIFICATE OF SERVICE

I certify that on _July 19_____, 2007, a copy of the foregoing was served in the manner indicated below on the following counsel of record:

Mr. Dan Talmedge
MORRIS, CARY, ANDREWS,
TALMEDGE & JONES LLC
P.O. Box 1649
Dothan, Alabama 36302

[  ]    by Hand Delivery
[  ]    by U.S. mail properly addressed and postage pre-paid
[  ]    by facsimile transmission
[  ]    by PACER electronic filing

Of Counsel

EXHIBIT A

POL #55PHH964253        PROD 334108              REQ CD ROM           RE R

                                                POLICY PROCESS DT 010405
   INSD DAVIS,FRANCES                             RATE TABLE DT    110204
   ADDR P O BOX 71                       ST FL  ZIP 32428-0071       HBB
   CITY CHIPLEY                          OVRD ZIP      -
   POL TERR 075  COUNTY

          POL                                       NC       PAY  HCC RATE
SUB SHT CO PLAN ST EFF    EXP    TERM INST PF RNST A/C RI STAT LAPSE IND PLAN
    DAV P   1  FL 021905 021906  12                  1 A                   2000

   ---TABS---    BILL PHSE ORIG        RNL            CHG      TRANS AARP
ACCT NO    PLAN METH CD  POL DT  TX CD CDT  ACT   CH# EFF DT   DT PROC MEMB
84012734   MO   1   01  021904  9000       CHG   01  052105  062405    Y

LTERM PCANCCDE STATE EXCEPTION N  RSN          REAPP
CR  MVR CRT HO POL #/FORM COMPANION POL#  POL   U/W CRU CLUE       PC  BKT#
                                                          C       S   8509
PREVIOUS:   POL #       PROD    CO   POL PLAN STATE RET COM CR ST BOOKLET
           55PHH964253 334108   P              FL            N
                                                      ---TABS---   BILL
FUTURE:     POL #       PROD   SUB   CO  POL PLAN   ACCT NO  PLAN METH
   NR CODE                     P/L QUAL CODE

AUTO 1 GARAGE  718 ORANGE SCHIPLEY    ST FL ZIP 32428-2148 OVRD ZIP
AUTO   GARAGE                         ST    ZIP           OVRD ZIP

POL PKG ENH CD:    HOMESHP DWG CD:        RES OCCPY YR CNT:

SCORE REASON CODES: NO HIT     ORDER DATE: 02/04MODEL: V
                                          INET CR IND N MTR CLB CR N ADV ISS N

            --- LOSS PAYEE/LESSOR INFO ---
         **** NO LOSS PAYEE INFO FOR THIS POLICY ****

               ----- AUTO INFO -----

                              VIN DT  N PURCH           MAKE
AUTO                          VER PRCH U PRICE  TYPE     CD
 #  YR MAKE  MDL/BODY     VIN                    PP      62
 1  98 TOYOT CAMRY CE/LE/XLE  JT2BG22K0W0142476  A

AUTO RATE      DAYS/MILE CAR      VIN    L PD DDC   IPO GS F2N
 #   TERR CLASS WEEK/WORK POOL USE SYM BYF PERF P SUR  CR LSR SUR  CR  AGE
 1   075  C262AJ              P    E              N

AUTO ANTI SEAT AIR      FULL  ANN  FUTUR -PREVIOUS-- --CURRENT-- INSP
 #   THFT BELT BAG ABS DRL GLASS MLGE MLGE ODM  DATE ODM   DATE INFO
 1   A    B    B                 10000      049000 1099 091000 0204

AUTO MTHM  MTHM/TRLR MTHM   RV    RV   ROUND 4   RSA PS HAZ ENGCC MCYCLE
 #   LGTH   RESID   LAYUP ASSOC APPLD MODIFIER APPLD EXCL SIZE  DRVR
 1                                            N

AUTO# BI/PD SYM    MED/PIP/UM SYM
 1

               ----- DRIVER INFO -----

   # NAME            DOB   MS SEX  OCC    LIC #           DT LIC
   1 DAVIS,FRANCES   111142 W  F  LPN    D120247429110  FL 111158

-STATE SPECIFIC-

| DRV | P | % | L | D | G | DEF | ADV | SCH | MCYCLE | AGE | DVR | RET | 3YR | MVR | MVR | | | | |
|-----|---|---|---|---|---|-----|-----|-----|--------|-----|-----|-----|-----|-----|-----|---|---|---|---|
| CAR | O | USE | D | T | S | DRV | DT | DDC | 100+ | DDC | DT | INC | PTS | CR | MVR | CD | AGE | IPO | ACC | CONV | SPD |
| 1 | X | | | | | | | | | | | 0 | | | Y | | 1 | | | |

# DRIV OVER 5 =    YR PT FR =    TOT SDI =    # ACC =    # CONV =    INEXP PO =
IFC =    SDP =    AVD =    FR-SUR =    FR-NC =    SPEED =

| DRIVER | EXT | | EXT NON PREMIUMS | |
|--------|-----|-----|-----|-----|
| # | NON | BI | PD | MED |
| 1 | | | | |

| | AD+D | | | | AD+D PREM | | O/R |
|---|------|----|-----|----|-----------|--------|-----|
| # | I | II | III | IV | I+II | III+IV | VEHS |
| 1 | | | | | | | |

------ TIERING INFO ------

| | NO INC | INCEPT | CAPPED | SCORE MODEL: V SS# IND: N |
|------|--------|--------|--------|---------------------------|
| VEH# | TIER | TIER | TIER | TIER | INSUR SCORE: W7 |
| 1 | A2 | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |

------ SDIP INFO ------

| | | YEARS | --INCIDENT COUNTS AND AGE IN MONTHS (3 YEAR STATE)-- | | | | | | | | |
|-----|-----|-------|-------|-----|-------|-----|--------|-----|---------|-----|---------|-----|
| DVR | DRV | CLEAN | MAJ-CNV | | MIN-CNV | | AF-ACC | | NCAF-ACC | | NAF-ACC | |
| # | VEH | (0-5) | CNT | AGE | CNT | AGE | CNT | AGE | CNT | AGE | CNT | AGE |
| 1 | 1 | 5 | 0 | 00 | 0 | 00 | 0 | 00 | 0 | 00 | 0 | 00 |
| 2 | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | |
| 4 | | | | | | | | | | | | |
| 5 | | | | | | | | | | | | |

YRS INCID FREE: 00
LONG INCID: 00

------------ COVERAGES ------------

| | | | | PREMIUMS BY AUTO | | | |
|---|---|---|---|---|---|---|---|
| LIMITS | | | | 1 | 2 | 3 | 4 |
| BI | 25/ 50 | | | $ 104.00 | $ | $ | $ |
| PD | 25 | | | $ 69.00 | $ | $ | $ |
| PAS HAZ | | | | $ | $ | $ | $ |
| MED | | | | $ | $ | $ | $ |
| UM | * 25/ 50 | | | $ 55.00 | $ | $ | $ |
| | ADDTL CHG INC LIMITS | | | $ 26.00 | $ | $ | $ |

* - (UM LIMITS ARE STACKED)

PDBUYBACK
NO FAULT    FL FULL INS/HH; WKLS XT PIP

| | PREMIUMS BY AUTO | | | |
|---|---|---|---|---|
| | 1 | 2 | 3 | 4 |
| PIP | $ 97.00 | $ | $ | $ |
| ADD PIP | | | | |

INC                FMLY #
   (BPP  PIP 1 DPD  ------ FOR SYSTEMS USE)

|              | LIMITS BY AUTO |   |   |   |   | 1        |    | PREMIUMS BY AUTO 2 |    | 3  |    | 4 |
|--------------|----------------|---|---|---|---|----------|----|-------------------|----|----|----|---|
|              | 1              | 2 | 3 | 4 |   |          |    |                   |    |    |    |   |
| NON COLL     | 500            |   |   |   | $ | 35.00    | $  |                   | $  |    | $  |   |
| COLL         | 500            |   |   |   | $ | 114.00   | $  |                   | $  |    | $  |   |
| STATED AMOUNT |               |   |   |   |   |          |    |                   |    |    |    |   |
| CUSTOMIZED   |                |   |   |   |   |          |    |                   |    |    |    |   |
| NON COLL     |                |   |   |   | $ |          | $  |                   | $  |    | $  |   |
| COLL         |                |   |   |   |   |          |    |                   |    |    |    |   |
| STA AMT      |                |   |   |   | $ |          | $  |                   | $  |    | $  |   |
| LOAN/LEASE COV COMP |         |   |   |   | $ |          | $  |                   | $  |    | $  |   |
| LOAN/LEASE COV COLL |         |   |   |   | $ |          | $  |                   | $  |    | $  |   |
| NAC  N       |                |   |   |   |   |          |    |                   |    |    |    |   |

PGM ELIG =ZFORGV =ZEARN DIS DED   0

NCRF LOSS RECOUP/ALLOC
NCRF CLEAN RISK RECOUP/ALLOC

|               | LIMITS BY AUTO |   |   |   |   | 1       |    | PREMIUMS BY AUTO 2 |    | 3  |    | 4 |
|---------------|----------------|---|---|---|---|---------|----|-------------------|----|----|----|---|
|               | 1              | 2 | 3 | 4 |   |         |    |                   |    |    |    |   |
| T & L         | 050            |   |   |   | $ | 6.00    | $  |                   | $  |    | $  |   |
| EXCESS SOUND  |                |   |   |   | $ |         | $  |                   | $  |    | $  |   |
| AUDIO/VISUAL  |                |   |   |   | $ |         | $  |                   | $  |    | $  |   |
| TAPES ONLY    |                |   |   |   | $ |         | $  |                   | $  |    | $  |   |
| TRANSP EXP    | 020            |   |   |   | $ | INCL    | $  |                   | $  |    | $  |   |
| CPL COV       |                |   |   |   | $ |         | $  |                   | $  |    | $  |   |
| SPEC PERIL    |                |   |   |   | $ |         | $  |                   | $  |    | $  |   |
| TOTAL PREMIUM BY AUTO |        |   |   |   | $ | 506.00  | $  |                   | $  |    | $  |   |

PERSONAL UMBRELLA
OTHER ENDT PREMIUM        $   367.00-
FULL TERM PREMIUM  $    506.00    PROPOSED HOMEOWNER ACCT CR $    35.00

----- ENDORSEMENTS -----

ENDT  A4506 0  A4832 1  A5750 1  A5884 1  A5579 2  A5906 0