**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **TANGELA BOSTON,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.: 1:07CV663-MEF** |
| ) | |
| **THE HARTFORD INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
|     **Defendant.** ) | |

### PLAINTIFF'S BRIEF IN RESPONSE TO MOTION TO DISMISS

Plaintiff files the following brief in response to Defendant's motion to dismiss:

**A.**     **Facts**

1. On or about May 27, 2005, Plaintiff was injured as the result of a three-vehicle collision in Geneva County, Alabama. A vehicle driven by Joseph Miles ("Miles") rear-ended a vehicle driven by Jessica Dianna Reeves ("Reeves"), then the vehicle driven by Reeves rear-ended the vehicle occupied by Plaintiff.

2. Plaintiff made claims against Reeves and Miles. Plaintiff also made a claim for underinsured motorist benefits against The Hartford Insurance Company ("Hartford").

3. Plaintiff's claim for uninsured motorist benefits was denied. A copy of a letter from Hartford denying the claim is attached hereto as Exhibit "A."

4. Plaintiff settled the claims against Reeves and Miles with Hartford's written consent. A copy of Hartford's written consent to the settlement and waiver of subrogation is attached hereto as Exhibit "B."

5.   On May 29, 2007, Plaintiff filed this action in the Circuit Court of Geneva County against Hartford for payment of the underinsured motorist benefits.  See Compl. Plaintiff's Complaint seeks underinsured motorist benefits from Hartford as a result of the negligence and wantonness of Miles or Reeves or both.  See id.

6.   Hartford removed the case to federal court and filed a Motion to Dismiss the Complaint on July 20, 2007.  See Notice of Removal and Mot. to Dismiss.

7.   Hartford's argues that the Complaint is due to be dismissed under Rule 12 (b)(1) for lack of subject matter jurisdiction and under Rule 12 (b)(6) for failure to state a claim.  Hartford also argues that Plaintiff's claims are not ripe for adjudication.  Each argument will be discussed in turn.

**B.   Lack of Subject Matter Jurisdiction**

8.   Hartford's contention that the court lacks subject matter jurisdiction is apparently based upon an alleged failure of Plaintiff to file a civil remedy notice with it and the Florida Department of Insurance before pursuing an action for statutory bad faith under Fla. Stat. § 624.155.

9.   Hartford's argument fails because Plaintiff is not presently pursuing an action for statutory bad faith, or any other type of bad faith against it.  See Compl.

10.   The allegations contained in paragraphs 6, 12 and 18 of the Complaint that "Defendant Hartford denied [the UM] claim or failed to seasonably act on said claim" does not convert Plaintiff's claim for underinsured motorist benefits into a claim for bad faith.

11.   Florida Supreme Court has recognized Fla. Stat. § 624.155 (1)(b)(1) as creating the statutory cause of action for first party bad faith in Florida.  Macola v. Gov't

Emples. Ins. Co., 953 So. 2d 451 (Fla. 2006). That section sets forth the elements of such a claim as follows:

> (1) Any person may bring a civil action against an insurer when such person is damaged . . .
>
> (b) By the commission of any of the following acts by the insurer:
>
> 1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests . . .

Fla. Stat. § 624.155 (1)(b)(1).

12. The requisite elements of a claim for statutory bad faith have not been pled in the Complaint. No construction of the factual allegations pled in the Complaint would support such a cause of action.

13. The fact that punitive damages have been sought in the ad damnum also does not convert Plaintiff's claim for underinsured motorist benefits into a claim for bad faith. Plaintiff contends she is "legally entitled to recover" such damages from Hartford as result of tortfeasor's wanton conduct, not as a result of any act or omission committed by Hartford.[1]

---

[1] If Alabama law is determined to apply to this case, then punitive damages are clearly recoverable. In Hill v. Campbell, 804 So. 2d 1107, the Alabama Supreme Court held that Ala. Code § 32-7-23, the uninsured motorist statute, permitted recovery of punitive damages for the conduct of a tortfeasor against the uninsured motorist carrier. If Florida law is determined to apply, the result would likely be different. Although the Florida Supreme Court has apparently not addressed the issue, the Third District Court of Appeal has held that an insured cannot recover punitive damages against its insurer for the conduct of an uninsured motorist. See Suarez v. Aguiar, 351 So. 2d 1086 (Fl. 3d DCA 1977). The Suarez case has been cited with approval by the Eleventh Circuit in a case interpreting Florida law. See Adams v. Fidelity Casualty Co. of New York, 920 F. 2d 897 (11th Cir. 1991). Plaintiff nevertheless contends that Suarez is at odds with the plain language of Fla. Stat. § 627.727.

14.     Since Plaintiff's Complaint seeks only underinsured motorist benefits and makes no claim for statutory bad faith, the requirement of filing a civil remedy notice does not apply and this court has subject matter jurisdiction.

**C.    Failure to State a Claim**

15.     Hartford's argument that Plaintiff has failed to state a claim appears partly based upon the failure to plead that Plaintiff complied with the notice requirements of Fla. Stat. § 624.155 before initiating the lawsuit.

16.     For the reasons set forth in section B above, Plaintiff was not required to plead compliance with the notice requirements because Plaintiff did not have to comply with these requirements prior to initiating her claim for underinsured motorist benefits.

17.     The elements that must be pled to support a claim for statutory bad faith in Florida have already been discussed. The elements that must be pled to support a claim for common law bad faith in Alabama are as follows: "(a) an insurance contract between the parties and a breach thereof by the insurer; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal; and (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason." Gunnin v. State Farm & Cas. Co., 2007 U.S. Dist. LEXIS, at *15, Case No. 2:05-cv-268-MEF (WO) (M.D. Ala. Apr. 12, 2007).

18.     The required elements of bad faith have not been pled. Plaintiff admits the Complaint fails to state a claim for statutory bad faith and for common law bad faith as it was not Plaintiff's intent to make either claim.

19.     The Complaint unequivocally states a claim for underinsured motorist benefits.

**D.**   **Ripeness**

20. Hartford's argument that any bad faith claim is not ripe for adjudication presupposes that a bad faith claim has been pled. As stated previously, no such claim has been pled so this argument need not be addressed.

21. Plaintiff interprets paragraph 6 of the Motion to Dismiss to be an acknowledgement that Plaintiff's claim for underinsured motorist benefits is ripe for adjudication.

22. If Plaintiff's underinsured motorist claim against Hartford is not ripe now, it never will be. The tortfeasor or tortfeasors that caused the wreck have settled and been released with Hartford's consent. This lawsuit against Hartford is the only forum in which liability and damages can be established.

**E.**   **Conclusion**

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

/s/ Dan Talmadge
Dan Talmadge
ASB-8932-M37J
Counsel for Plaintiff
3334 Ross Clark Circle
Dothan, Alabama 36303
Telephone:  (334) 792-1420
Facsimile:  (334) 673-0077
dtalmadge@mcatlaw.com

CERTIFICATE OF SERVICE

    I certify that on August 8, 2007, I served a copy of the foregoing by electronic filing upon:

Meredith Jowers Lees
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203

                                              /s/ Dan Talmadge



THE HARTFORD

May 26, 2006

Morris, Cary, Andrews, Talmadge, Jones, and Driggers, LLC
PO Box 1649
Dothan, AL 36302

Re:  Insured:         Frances Davis
     Claimant:        Tangela Davis-Boston
     Date of Loss:    05/26/05
     Claim Number:    PA0004487938

Dear Mr. Talmadge:

Please accept this letter as confirmation that we received your demand, dated May 17, 2006, for settlement of the above referenced UM claim.

We spoke via telephone on May 26, 2006. As discussed, The Hartford will grant permission to your client to accept the policy limits from ALFA and Cotton States, should those carriers agree to tender. In addition, The Hartford agrees to waive its subrogation rights against the tortfeasors.

Based on the information available to us, we are not in a position to extend a settlement offer from your client's Uninsured Motorists Coverage. Please notify us if ALFA and Cotton States agree to tender their respective policy limits and we will promptly re-evaluate our position.

If you have any additional information, please submit it to us for prompt consideration. If you have any questions or concerns, please call me.

Sincerely,


Robert A. Rhinesmith
Inside Claim Rep
(800) 637-5410 x61031

Writing Company: Property & Casualty Insurance Company of Hartford



PLAINTIFF'S
EXHIBIT

A

Southeast Personal Lines
Claim Service Center
2502 Rocky Point Drive
Suite 400
P.O. Box 30773
Tampa, FL  33630-3773
Telephone 813 286 8243
Toll Free 1 800 243 5860



THE HARTFORD

October 30, 2006

Morris, Cary, Andrews & Talmadge, LLC
P O Box 1649
Dothan, AL 36302



Re:  Insured:        Frances Davis
     Claimant:       Tangela Davis - Boston
     Date of Loss:   05/26/2005
     Claim Number:   PA0004487938
     CCPS Number:    YRW AU 09770

Dear Morris, Cary, Andrews & Talmadge, LLC:

Please accept this letter as confirmation of our telephone conversation that took place earlier today. As discussed, The Hartford will grant permission to your client to accept the settlement offers that have been proposed by ALFA and Cotton States. Additionally, The Hartford agrees to waive its subrogation rights against the tortfeasors.

If you have any questions or require any additional information, please call me.

Sincerely,

Robert A. Rhinesmith
Inside Claim Rep
(800) 637-5410 x61031

Writing Company: Property & Casualty Insurance Company of Hartford

Handling ID:
Blank Memo to Vendor
RAR



PLAINTIFF'S
EXHIBIT
B

Southeast Personal Lines
Claim Service Center
2502 Rocky Point Dr., Suite 400
P.O. Box 30773
Tampa, FL 33630-3773
Telephone 813 286 8243
Toll Free 800 637 5410

1