**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **TANGELA BOSTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.: 1:07CV663-MEF** |
| ) | |
| **THE HARTFORD INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

### PLAINTIFF'S MOTION TO REMAND

Plaintiff moves the Court to remand this action to the Circuit Court of Geneva County, Alabama on the following grounds:

1. Plaintiff filed her complaint against Defendant in the Circuit Court of Geneva County, Alabama claiming underinsured motorist benefits under a policy of insurance issued by Defendant.

2. The complaint contains no ad damnum clause praying for recovery of a specific amount. In her complaint, plaintiff demands judgment against Defendant for compensatory and punitive damages in an unspecified amount in excess of the jurisdictional limits of the state circuit court. State circuit courts have original jurisdiction of all civil actions in which the matter in controversy exceeds $10,000.00, exclusive of interests and costs, and original jurisdiction concurrent with the state district court in all civil actions in which the matter in controversy exceeds $1,500.00, exclusive of interest and cost. See Ala. Code § 12-12-30.

3. In its notice of removal, Defendant states that Plaintiff's unspecified compensatory and punitive damage claims "more likely than not" seek damages in excess of

the $75,000.00 jurisdictional threshold of this Court. See Mot. to Remand ¶ 8. Defendant further states that the policy limits of the underinsured coverage Plaintiff seeks are $25,000/$50,000. See id. If Defendant is correct about the available policy limits, the only conceivable way that the value of Plaintiff's claim could exceed those limits would be if Plaintiff were making an extra-contractual claim for bad faith. Thus, the notice of removal must be premised on the Defendant's mistaken belief that an action for bad faith was alleged in the complaint. For the reasons stated in Plaintiff's Brief in Response to Motion to Dismiss (Doc. 7), no action for bad faith or any other extra-contractual claim was alleged in the complaint. The complaint seeks underinsured motorist benefits only.

4. Federal courts are courts of limited jurisdiction. Ellis v. Westport Insurance Corp., 2007 U. S. Dist. Lexis 48517, *3, Case No.: 2:07-cv-20-WKW (M. D. Ala. July 5, 2007). The law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. Id. "Removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. "The removing defendant has the burden of establishing the existence of federal jurisdiction." Id.

5. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F. 3d 1316, 1319 (11th Cir. 2001). "The district court must determine the propriety of removal on the basis of the 'limited universe of evidence available when the motion to remand is filed' in accordance with the scheme set forth in 28 U.S.C. § 1446 (b) and §1447 (c)." Ellis 2007 U. S. Dist. Lexis 48517 at *4 (citing Lowery v. Alabama Power Co., 483 F. 3d 1184, 1213-1214 (11th Cir. 2007)). "If the jurisdictional amount is either stated clearly on the face of the

documents before the court or readily deducible from them, the court has jurisdiction. If not the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." Lowery v. Alabama Power Co., 483 F. 3d 1184, 1211 (11th Cir. 2007)).

      6.    In the present case, Defendant has failed to prove by a preponderance of the evidence that the amount in controversy requirement has been met. The jurisdictional amount is not readily deducible from the documents before the court. In fact, the documents before the court, which show only that the Plaintiff has made a claim for underinsured motorist benefits on a policy that Defendant contends has coverage limits of $25,000/$50,000, affirmatively prove that the amount in controversy requirement has not been met.

WHEREFORE, Plaintiff respectfully requests this Court enter an order remanding this case to the Circuit Court of Geneva County, Alabama, along with any additional relief as this Court may deem just.

/s/ Dan Talmadge  
Dan Talmadge  
ASB-8932-M37J  
Counsel for Plaintiff  
3334 Ross Clark Circle  
Dothan, Alabama 36303  
Telephone: (334) 792-1420  
Facsimile: (334) 673-0077  
dtalmadge@mcatlaw.com

CERTIFICATE OF SERVICE

    I certify that on August 15, 2007, I served a copy of the foregoing by electronic filing upon:

Meredith Jowers Lees
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203

                                       /s/ Dan Talmadge