IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TANGELA DAVIS BOSTON,<br><br>    Plaintiffs,<br><br>v.<br><br>THE HARTFORD INSURANCE<br>COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)   CIVIL ACTION NO.<br>)<br>)   1:07-CV-663-MEF<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S REPLY TO PLAINTIFF'S
### BRIEF IN RESPONSE TO MOTION TO DISMISS

Defendant, Property and Casualty Insurance Company of Hartford ("P&C") (incorrectly identified as "The Hartford Insurance Company" in the Complaint), files this Reply to Plaintiff's Brief in Response to P&C's Motion to Dismiss Plaintiff.

### INTRODUCTION

In response to P&C's properly supported Motion to Dismiss, Plaintiff has conceded that she is not alleging a claim of bad faith. The Plaintiff has unequivocally admitted that she is only seeking under-insured motorist benefits in this matter. Therefore, Florida law, which governs this dispute, requires the dismissal of Plaintiff's claim for punitive damages because punitive damages are not recoverable on such a claim.

In the event the Court construes the Complaint as asserting a claim for bad faith, those claims must also be dismissed because: (1) those claims are absolutely barred by Florida Statute §624.155 because Plaintiff failed to file the required statutory notice of the claim with the Florida Department of Insurance and (2) Plaintiff's claims for bad faith and any breach of contract are premature.

## ARGUMENT

**I.     The Plaintiff has Conceded that the Complaint Does Not Contain a Claim for Bad Faith.**

Plaintiff admitted in the Brief in Response to P&C's Motion to Dismiss that she is **not** alleging a claim for bad faith against P&C. In fact the Plaintiff averred: "Plaintiff's Complaint makes no claim for statutory bad faith." Reply Brief at ¶14. In addition, the Plaintiff stated: "Plaintiff admits that the Complaint fails to state a claim for statutory bad faith and for common law bad faith as it was not Plaintiff's intent to make either claim." *Id.* at ¶18. Plaintiff's reply brief makes it clear that she is only seeking under-insured motorist benefits. Therefore, it should be ordered that Plaintiff is not alleging a bad faith claim against P&C. In addition, the allegations in the Complaint which aver "Defendant Hartford denied said claim or failed to seasonably act on said claim," must be stricken because these facts would tend to create an inference that the Plaintiff is seeking a claim for bad faith. In addition, these allegations should be stricken because they are inflammatory and irrelevant to the Plaintiff's claims for under-insured benefits.

**II.    Florida Law Governs Plaintiff's Claims.**

Plaintiff argues that Alabama law governs the Plaintiff's claim for under-insured motorist benefits. Florida law is applicable here, however, because the policy at issue was delivered to Francis Davis, the policy owner, in Florida and is a Florida policy. Plaintiff does not dispute these facts. Also, the policy states that the vehicle Plaintiff was driving at the time of the accident was garaged in Florida. *See* Exhibit 1 at p. 1

Under Alabama conflict of laws principles, Florida law governs Plaintiff's claims for under-insured motorist benefits under the policy. *See State Farm Mut. Auto. Ins. Co. v. Bradley*, 293 Ala. 695, 696, 309 So. 2d 826, 827 (Ala. 1975) (holding that where the policy was issued in

2

South Carolina and the cars covered by the policy were garaged in South Carolina, the court would apply South Carolina law). In *Davis v. Hartford Ins. Co.,* 456 So. 2d 302, 304 (Ala.1984), the Alabama Court held that Illinois law should apply with regard to an insurance contract where the contract "was made within the State of Illinois between an Illinois company and an Illinois resident," even though the accident at issue occurred in Alabama. *See also Cotton v. State Farm Mut. Auto. Ins. Co.,* 540 So. 2d 1387, 1388 (Ala. 1989); *American Interstate Ins. Co. of Georgia v. Holliday,* 376 So. 2d 701 (Ala.1979); *State Farm Mutual Automobile Ins. Co. v. Bradley,* 309 So. 2d 826 (1975). These cases are aligned with the "traditional conflict rule of *lex loci contractus,* which states that the laws of the jurisdiction where the contract is made governs the contract." *Travelers Property Cas. Co. of America v. OneSource Facility Services, Inc.,* 2006 WL 752925, *2, No. 3:05 CV 00618 WKW. (M.D. Ala. March 23, 2006). Thus, Plaintiff's attempt to confuse the issues by arguing that Alabama law applies must be ignored. This Court should apply Florida law and dismiss any and all claims for punitive damages as discussed below.

## II.  Plaintiff Cannot Recover Punitive Damages.

As stated above, Plaintiff has conceded that she has not asserted a claim for bad faith and is only asserting a claim for under-insured benefits under the applicable policy. Plaintiff wrongfully argues that she is allowed to recover punitive damages under Alabama law. As is demonstrated above, Florida law applies to determine the scope of benefits Plaintiff is entitled to recover and Florida law dictates that Plaintiff cannot recover punitive damages on a claim for under-insured motorist benefits. *See Suarez v. Aguiar,* 351 So. 2d 1086 (Fla. Dist. Ct. App. 1977) (holding: "the uninsured motorist coverage in the State of Florida does not include liability for punitive damages."); *see also Holton v. McCutcheon,* 584 So. 2d 50, 51 (Fla. Dist. Ct. App.

1991); *Adams v. Fidelity Cas. Co. of New York*, 920 F. 2d 897 (11th Cir. 1991) (citing *Suarez* with approval). Therefore, Plaintiff cannot as a matter of law recover punitive damages and any such claims should be dismissed. Further, the language in the Complaint which purports to allege facts supporting a claim for punitive damages must be stricken from the Complaint.

### III. Alternatively, if The Court Determines that the Plaintiff has Asserted a Claim for Bad Faith Those Claims Must be Dismissed.

#### A. If the Court determines that the Plaintiff asserted a Bad Faith Claim, such a claim is barred by FSA §624.155.

If the Court determines that Plaintiff *did* assert a claim for bad faith in the Complaint it cannot be disputed that those claims are barred by Florida Statute §624.155. Plaintiff has not disputed that she failed to comply with F.S.A. §624.155 (3) (a) which requires: "As a **condition precedent** to bringing an action under this section, the department and the authorized insurer must have been given 60 days' written notice of the violation." F.S.A. §624.155 (3) (a) (emphasis added). The Plaintiff's failure to comply with this condition precedent absolutely bars her claims for bad faith against P&C. *Allstate Ins. Co. v. Clohessy,* 32 F. Supp. 2d 1328, 1333 (M.D. Fla. 1998) (holding that "due to the failure of the defendants/counter-plaintiffs to comply with the specified condition precedent, *i.e.*, the failure to file notice with the Florida Department of Insurance, it is imperative that this Court dismiss the defendant/counter-plaintiffs' [claim for bad faith]."); *see also Commercial Union Ins. Co. v. Flagship Marine Services, Inc.*, 982 F. Supp. 310 (S.D.N.Y 1997).

#### B. If the Court Holds that Plaintiff Asserted a Claim for Bad Faith, Such Claim is Premature and Should be Dismissed without Prejudice.

Any claims for bad faith the Court determines are alleged in the Complaint should be dismissed because Plaintiff cannot prove at this juncture: (1) the existence of liability and (2) the extent of damages. *See Vest v. Travelers Ins. Co.,* 753 So. 2d 1270 (Fla. 2000); *Vanguard Fire*

*and Cas. Co. v. Golmon*, 955 So. 2d 591, 594 (Fla. Dist. Ct. App. 2006). Further, "absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for [ ] bad faith." *Blanchard v. State Farm Mut. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Therefore, if the Court determines that the Complaint alleges a claim of bad faith, that claim is premature and due to be dismissed. *Progressive Select Ins. Co. v. Shockley*, 951 So. 2d 20 (Fla. Dist. Ct. App. 2007).

## **CONCLUSION**

The Plaintiff has unequivocally admitted that she did not assert a claim for bad faith and is instead merely seeking under-insured motorist benefits. Therefore, Plaintiff cannot recover punitive damages, as a matter of Florida law, and any such claims should be dismissed. Further, any allegations in the Complaint that purport to support a claim for punitive damage should be dismissed.

Alternatively, if the Court reads the Complaint as alleging a bad faith claim, P&C is also entitled to have those claims dismissed. P&C demonstrated that the claims should be dismissed because: (1) a bad faith claim is barred because Plaintiff failed to comply with the condition precedent to bringing a bad faith claim contained in FSA §624.155 and (2) a claim for bad faith is not ripe for adjudication because the Plaintiff cannot prove the existence of liability and the extent of her damages.

Respectfully submitted this the 15th day of August, 2007.

/s/ Meredith Jowers Lees
One of the Attorneys for Defendant

**Of Counsel:**
Bert S. Nettles  ASB-5850-S63B
Brennan C. Ohme  ASB-8419-M70B
Meredith Jowers Lees  ASB-8103-M71J

HASKELL SLAUGHTER & YOUNG, L.L.C.
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 (FAX)
bsn@hsy.com
bco@hsy.com
mjl@hsy.com

## CERTIFICATE OF SERVICE

I certify that on August 15, 2007, a copy of the foregoing was served in the manner indicated below on the following counsel of record:

| | | |
|---|---|---|
| Mr. Dan Talmedge | [ ] | by Hand Delivery |
| MORRIS, CARY, ANDREWS, | [ ] | by U.S. mail properly addressed and postage pre-paid |
| TALMEDGE & JONES LLC | [ ] | by facsimile transmission |
| P.O. Box 1649 | [X] | by PACER electronic filing |
| Dothan, Alabama 36302 | | |

/s/ Meredith Jowers Lees
Of Counsel

# EXHIBIT - 1

```
POL #55PHH964253      PROD 334108              REQ CD ROM          RE R

       INSD DAVIS,FRANCES                      POLICY PROCESS DT 010405
       ADDR P O BOX 71                         RATE TABLE DT     110204
       CITY CHIPLEY                ST FL  ZIP 32428-0071         HBB
   POL TERR 075  COUNTY            OVRD ZIP        -

            POL                                  NC         PAY  HCC RATE
 SUB SHT CO PLAN ST EFF    EXP    TERM INST PF RNST A/C RI STAT LAPSE IND PLAN
 DAV  P   1   FL 021905 021906    12                   1  A                2000

    ---TABS---      BILL PHSE ORIG      RNL           CHG    TRANS    AARP
 ACCT NO    PLAN    METH  CD  POL DT  TX CD CDT  ACT  CH# EFF DT  DT PROC MEMB
 84012734   MO      1     01  021904  9000       CHG  01  052105  062405   Y

 LTERM PCANCCDE STATE EXCEPTION N   RSN            REAPP
 CR  MVR CRT HO POL #/FORM COMPANION POL#  POL   U/W  CRU  CLUE      PC BKT#
                                                           C         S  8509
 PREVIOUS:   POL #        PROD    CO   POL PLAN   STATE  RET COM CR ST BOOKLET
            55PHH964253  334108   P                FL            N
                                                        ---TABS---    BILL
 FUTURE:    POL #        PROD    SUB  CO POL PLAN   ACCT NO     PLAN METH
   NR CODE                       P/L QUAL CODE

 AUTO 1 GARAGE   718 ORANGE SCHIPLEY    ST FL ZIP 32428-2148 OVRD ZIP
 AUTO   GARAGE                          ST    ZIP            OVRD ZIP

 POL PKG ENH CD:     HOMESHP DWG CD:       RES OCCPY YR CNT:

 SCORE REASON CODES: NO HIT     ORDER DATE: 02/04MODEL: V
                                      INET CR IND N MTR CLB CR N ADV ISS N

                    --- LOSS PAYEE/LESSOR INFO ---
                 **** NO LOSS PAYEE INFO FOR THIS POLICY ****

                        ----- AUTO INFO -----

 AUTO                                      VIN DT  N PURCH              MAKE
  #  YR MAKE  MDL/BODY     VIN             VER PRCH U PRICE   TYPE      CD
  1  98 TOYOT CAMRY CE/LE/XLE  JT2BG22K0W0142476  A            PP        62

 AUTO   RATE       DAYS/MILE CAR         VIN   L PD  DDC    IPO  GS  FZN
  #     TERR CLASS WEEK/WORK POOL USE SYM BYP PERF P SUR CR LSR SUR CR AGE
  1     075  C262AJ                  P    E              N

 AUTO ANTI SEAT AIR      FULL ANN  FUTUR -PREVIOUS-- --CURRENT-- INSP
  #   THFT BELT BAG ABS DRL GLASS MLGE MLGE   ODM  DATE ODM  DATE INFO
  1    A    B    B             10000      049000 1099 091000 0204

 AUTO MTHM  MTHM/TRLR MTHM   RV    RV   ROUND 4   RSA  PS HAZ ENGCC MCYCLE
  #   LGTH     RESID  LAYUP ASSOC APPLD MODIFIER APPLD EXCL SIZE  DRVR
  1                                                N

 AUTO# BI/PD SYM   MED/PIP/UM SYM
   1

                        ----- DRIVER INFO -----

  # NAME              DOB    MS SEX  OCC     LIC #               DT LIC
  1 DAVIS,FRANCES     111142 W  F    LPN     D120247429110       FL 111158
```

```
-STATE SPECIFIC-

DRV P   % L D G DEF     ADV SCH MCYCLE AGE DVR RET 3YR MVR MVR
CAR O USE D T S DRV DT  DDC 100+ DDC DT INC PTS CR  MVR CD AGE IPO ACC CONV SPD
 1  X                                    0          Y        1

# DRIV OVER 5 =     YR PT FR =    TOT SDI =     # ACC =      # CONV =       INEXP PO =
IFC =      SDP =        AVD =                   FR-SUR =         FR-NC =       SPEED =

DRIVER       EXT              EXT NON PREMIUMS
  #          NON       BI          PD              MED
  1

               AD+D                  AD+D PREM         O/R
  #    I   II   III   IV         I+II     III+IV      VEHS
  1

                        ------ TIERING INFO ------

           NO  INC INCEPT CAPPED       SCORE MODEL: V SS# IND: N
  VEH#   TIER  TIER   TIER   TIER      INSUR SCORE: W7
    1     A2
    2
    3
    4

                        ------ SDIP INFO ------

           YEARS   --INCIDENT COUNTS AND AGE IN MONTHS (3 YEAR STATE)--
  DVR  DRV CLEAN   MAJ-CNV    MIN-CNV   AF-ACC   NCAF-ACC  NAF-ACC
   #   VEH (0-5)   CNT AGE    CNT AGE   CNT AGE  CNT AGE   CNT AGE
   1    1   5       0   00     0   00    0  00    0  00     0  00
   2
   3
   4
   5
          YRS INCID FREE: 00
          LONG INCID:     00

                        ------------ COVERAGES ------------

                                                    PREMIUMS BY AUTO
         LIMITS                               1          2        3        4
  BI       25/ 50                         $ 104.00  $        $        $
  PD       25                             $  69.00  $        $        $
  PAS HAZ                                 $         $        $        $
  MED                                     $         $        $        $
  UM    *  25/ 50                         $  55.00  $        $        $
           ADDTL CHG INC LIMITS           $  26.00  $        $        $
    * - (UM LIMITS ARE STACKED)

PDBUYBACK
NO FAULT     FL FULL INS/HH; WKLS XT PIP
                                                    PREMIUMS BY AUTO
                                              1          2        3        4
  PIP                                     $  97.00  $        $        $
  ADD PIP

INC                      FMLY #
     (BPP   PIP 1 DPD       ------ FOR SYSTEMS USE)
```

```
                   LIMITS BY AUTO                         PREMIUMS BY AUTO
                1     2    3    4              1             2            3            4
NON COLL      500                         $   35.00    $            $            $
COLL          500                         $  114.00    $            $            $
STATED
  AMOUNT
CUSTOMIZED
NON COLL
COLL                                      $            $            $            $
STA AMT
LOAN/LEASE COV COMP                       $            $            $            $
LOAN/LEASE COV COLL                       $            $            $            $
NAC   N
                  PGM ELIG =ZFORGV =ZEARN DIS DED    0

NCRF LOSS RECOUP/ALLOC
NCRF CLEAN RISK RECOUP/ALLOC

                   LIMITS BY AUTO                         PREMIUMS BY AUTO
                1     2    3    4              1             2            3            4
T & L         050                         $    6.00    $            $            $
EXCESS SOUND                              $            $            $            $
AUDIO/VISUAL                              $            $            $            $
TAPES ONLY                                $            $            $            $
TRANSP EXP    020                         $   INCL     $            $            $
CPL COV                                   $            $            $            $
SPEC PERIL                                $            $            $            $
  TOTAL PREMIUM BY AUTO                   $  506.00    $            $            $

PERSONAL UMBRELLA
OTHER ENDT PREMIUM         $   367.00-
FULL TERM PREMIUM   $      506.00    PROPOSED HOMEOWNER ACCT CR $    35.00
                          ----- ENDORSEMENTS -----

ENDT   A4506 0   A4832 1   A5750 1   A5884 1   A5579 2   A5906 0
```