IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TANGELA DAVIS BOSTON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) 1:07-CV-663-MEF |
| THE HARTFORD INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

Defendant, Property and Casualty Insurance Company of Hartford ("P&C") (incorrectly identified as "The Hartford Insurance Company" in the Complaint), files this Opposition to Plaintiff's Motion to Remand. As is demonstrated below, Plaintiff has not demonstrated that this Court lacks subject matter jurisdiction; therefore, Plaintiff's Motion to Remand should be denied.

**INTRODUCTION**

Plaintiff disingenuously attempts to avoid removal by arguing she did not assert claims against P&C that give rise to federal jurisdiction and to limit the allegations in the Complaint as only seeking under-insured motorist benefits. However, this argument fails because the Complaint clearly seeks punitive damages and other damages for P&C's conduct in denying Plaintiff's claim for under-insured motorist benefits. Plaintiff cannot rely on her actions or arguments, which were asserted after this matter was removed, to directly contradict the allegations in the Complaint to avoid federal jurisdiction. A plain reading of the Complaint reveals that Plaintiff asserted claims against P&C beyond a mere demand for under-insured motorist benefits, including punitive damages, which demonstrates that the amount in

controversy exceeds the jurisdictional threshold. It is clear from the Complaint and P&C's removal papers that: (1) complete diversity exists and (2) the amount in controversy exceeds $75,000. Therefore, P&C properly removed this case pursuant to 28 U.S.C. §1332 (a) (1).

## ARGUMENT

**I.   P&C HAS THE ABSOLUTE RIGHT TO REMOVE THIS CASE UNDER 28 U.S.C. § 1441**

28 U.S.C. § 1441 granted P&C the absolute right to remove this case. "Removal is, no doubt, an absolute right so long as the statutory prerequisites are met." *Herman Schamisso, PVBA v. Menelli, Inc.*, 657 F.Supp. 63, 65 (S.D. Fla. 1986). Here, it is clear that the requirements of diversity jurisdiction are met; thus, P&C's right to remove this action was absolute and should not be disturbed.

**II.   P&C PROPERLY REMOVED THIS ACTION**

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) (1) because complete diversity exists and the amount in controversy exceeds $75,000.00. As set forth in P&C's removal papers, it cannot be disputed that Plaintiff is a resident of Alabama and that P&C is a corporation organized and existing under and by virtue of the laws of the State of Indiana, with its principal place of business in Connecticut. Further, P&C's removal papers demonstrate by a "preponderance of the evidence" that the amount in controversy exceeds $75,000.

The Complaint seeks unspecified damages related to an accident that occurred in Geneva County, Alabama. At the time of the accident, Plaintiff was driving a vehicle, with permission, that belonged to Francis Davis who maintained insurance on the vehicle with P&C. The vehicle driven by Plaintiff was hit by Jessica Dianna Reeves and Joseph Christopher Myles. The Complaint alleges that these motorists were underinsured at the time of the accident. The

2

Complaint also avers that Plaintiff suffered: (1) physical injuries; (2) medical expenses; (3) pain and suffering; (4) mental anguish and emotional distress; (5) disability; and (6) lost wages and diminished earning capacity. Plaintiff has made a claim against P&C for uninsured motorist benefits contained in Francis Davis's policy with P&C. The Complaint also alleges that "Defendant Hartford denied said claim or failed to seasonably act on said claim," and seeks indeterminate compensatory and **punitive** damages.

Even though the Complaint does not seek a specific amount of monetary damages, P&C has met its *"light"* burden to demonstrate that the amount in controversy exceeds $75,000. *Locklear v. State Farm Mut. Automobile Ins. Co.*, 742 F. Supp. 679, 680 (S.D. Ga. 1989). Plaintiff mistakenly argues that, because the Complaint does not allege specific damages, jurisdiction does not exist. However, such an argument is not supported by the relevant law.

"A complaint seeking indeterminate damages does not show that the case is not removable. It simply does not comment on federal jurisdiction." *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 574 (S.D. Ala. 1986). In such cases, the Court has the "duty to independently determine the propriety of jurisdiction." *Id.* at 575. Because Plaintiff did not allege specific damages "a lower burden of proof [as to the amount in controversy] is warranted because there is simply no estimate of damages to which a court may defer," and P&C only has to establish "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996). In *Kilpatrick v. Evy Construction Co.*, 708 F. Supp. 1241 (N.D. Ala. 1989), the court held that an indeterminate complaint yields to the allegations and evidence submitted by the defendant related to the amount in controversy as set forth in the Notice of Removal. *See id.* at 1241-43. In addition, the Court cannot ignore the fact that Plaintiff claimed punitive damages in

the Complaint when calculating the amount in controversy. *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (holding that claims for punitive damages must be considered when calculating the amount in controversy.).

P&C offered evidence that the under-insured policy limits are $25,000/$50,000. *See* Exhibit B to P&C's Notice of Removal. In addition, P&C offered evidence that awards for conduct similar to the allegations in the Complaint exceed $75,000 in Alabama and Florida. P&C also correctly pointed out that in reviewing complaints seeking indeterminate damages, federal courts have regularly taken judicial notice of large punitive damages verdicts and sustained removal over a plaintiff's argument that the amount in controversy is insufficient. *See, e.g., Dennis v. CSX Transportation, Inc.*, CV 92-A-670-N (M.D. Ala. 1992); *Jones v. Ford Motor Credit Co.*, CV 92-A-1099-N (M.D. Ala. 1992). As one Court has noted:

> In Alabama, in suits against insurance companies claiming contract breach, fraud or other intentional torts, the punitive damages verdict often exceeds the compensatory damages verdict. *See e.g. Davis v. Franklin Life Ins. Co.*, 71 F .Supp.2d 1197, 1200 (M.D.Ala.1999) ('it is clear in Alabama, when a plaintiff seeks recovery for fraud against an insurance company and asks for punitive damages, the recovery, if the plaintiff prevails, may very well exceed [the jurisdictional amount].' (citation omitted).

*Henry v. Nationwide Ins. Co.*, 2007 WL 2409817, *2, No. 06-0612-CG-M (S.D. Ala. Aug. 27, 2007).

In addition, P&C provided a review of cases arising out of automobile accident claims against insurance companies – i.e., "awards rendered in similar cases" – in Alabama and Florida which revealed that the amount in controversy in this matter at the time of removal exceeded the $75,000 jurisdictional threshold. *See Carrier Exp., Inc. v. Home Indem. Co.*, 860 F. Supp. 1465 (N.D. Ala. 1994) (Plaintiff awarded $2,463,959.60 in compensatory damages and $4,812,500 in punitive damages); *Alfa Mut. Fire Ins. Co. v. Thomas*, 738 So.2d 815, 823 (Ala. 1999) (affirming

$50,000 punitive damage award for bad faith); *Berges v. Infinity Ins. Co.*, 896 So.2d 665, 671(Fla. 2004) (Plaintiff awarded $1,893,066.41 for bad faith claim); *Hartford Acc. & Indem. Co. v. Mathis*, 511 So.2d 601, 602 (Fla. App. 1987) (Plaintiff awarded compensatory damages of $2,941,698.47 on bad faith claim). Moreover, P&C offered Jury Reporter research which demonstrates that the amount in controversy exceeds $75,000. *See* Exhibit C to P&C's Notice of Removal.

Plaintiff has not even attempted to refute that verdicts in cases with similar claims would render the amount in controversy to be over the jurisdictional threshold. The only argument offered in opposition to the evidence demonstrating that the amount in controversy here exceeds the jurisdictional amount is Plaintiff's after-the-fact concession that she is only seeking under-insured motorist benefits. As discussed herein, this argument fails and cannot serve as a basis to remand this action to Alabama State Court. Therefore, P&C has demonstrated that the claims asserted by Plaintiff exceed the requisite amount in controversy beyond the jurisdictional amount set forth in 28 U.S.C. §1332 (a) (1).

### III.  SUBJECT MATTER JURISDICTION IS DETERMINED AT THE TIME OF REMOVAL

Plaintiff's attempt to avoid federal jurisdiction by recasting her Complaint fails because federal subject matter jurisdiction is determined "on the plaintiff's pleadings at the time of removal." *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1289 (11th Cir.2000). It was only *after* P&C removed this matter (and sought to have Plaintiff's claims dismissed) that Plaintiff argued she is only asserting a claim for under-insured motorist benefits

to avoid federal jurisdiction. Plaintiff should not be allowed to predicate remand on such procedural antics.[1]

Plaintiff asks this Court to ignore the long line of precedent which states "jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 n. 13 (11th Cir. 1994) Further, Plaintiff asks this Court to ignore long established precedent which states: "if a district court has subject matter jurisdiction over a diversity action at the time of removal, **subsequent acts do not divest the court of its jurisdiction over the action**." *Behlen v. Merrill Lynch,* 311 F.3d 1087, 1095 (11th Cir.2002) (emphasis added); *see also Leonard v. Enterprise Rent a Car,* 279 F.3d 967, 972 (11th Cir.2002) ("for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal"); *Tillman v. R.J. Reynolds Tobacco,* 253 F.3d 1302, 1306 n. 1 (11th Cir.2001) ("for purposes of considering the specific jurisdictional question before us, we consider only the original complaint, however, because the question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal."); *Poore v. American-Amicable Life Ins. Co. of Texas,* 218 F.3d 1287, 1289 (11th Cir.2000) (reaffirming general principle that removal is critical jurisdictional juncture and that if court has jurisdiction at time of removal, such jurisdiction is unaffected by subsequent events). In fact, the United States Supreme Court has stated that a plaintiff's attempt to reduce the amount in controversy post-removal, whether "by stipulation, by affidavit, or amendment of the pleadings . . . **does not deprive the district court of jurisdiction**." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938) (emphasis added); *see also Pullman Co. v. Jenkins,* 305 U.S. 534, 537-

---

[1] Plaintiff's claim that she is only pursuing policy benefits is belied by the fact that she is still seeking punitive damages. Regardless of what Plaintiff says she is now claiming or how Plaintiff would like to now characterize her prayer for damages, diversity jurisdiction must be viewed in light of the claims contained in the Complaint at the time of removal.

38 (1939). Therefore, the Court must determine what allegations were contained in the Complaint at the time of removal.

As discussed below, the Complaint clearly seeks punitive damages from P&C. Here, it cannot be disputed that Florida law governs Plaintiff's claims because the insurance policy she seeks benefits under is a Florida policy. *See State Farm Mut. Auto. Ins. Co. v. Bradley*, 293 Ala. 695, 696, 309 So.2d 826, 827 (Ala. 1975). Under Florida law, Plaintiff would not be entitled to seek punitive damages on a claim for under-insured motorist benefits. *See Suarez v. Aguiar*, 351 So. 2d 1086 (Fla. Dist. Ct. App. 1977) (holding: "the uninsured motorist coverage in the State of Florida does not include liability for punitive damages."); *see also Holton v. McCutcheon*, 584 So.2d 50, 51 (Fla. Dist. Ct. App. 1991); *Adams v. Fidelity Cas. Co. of New York*, 920 F. 2d 897 (11th Cir. 1991) (citing *Suarez* with approval). Therefore, Plaintiff was seeking damages other than under-insured motorist benefits in the Complaint, and Plaintiff cannot defeat subject matter jurisdiction by arguing, after-the-fact, that the she is abandoning all other claims.

### IV. THE COMPLAINT DEMONSTRATES THAT JURISDICTION IS PROPER

A fair reading of the Complaint demonstrates that under the "notice pleading" principles, the Complaint contains claims for punitive damages and claims based on P&C's conduct in denying her claim. Plaintiff's arguments that she is only seeking under-insured benefits are simply contrary to the plain language of the Complaint.

Rule 8 of the Federal Rules of Civil Procedure only requires that Plaintiff set forth her claims in "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Complaint alleges: "Plaintiff made a claim with Defendant Hartford for benefits under the uninsured motorist provision of said policy. . . . . Defendant Hartford denied said claim

7

or failed to seasonably act on said claim." *See* Complaint at ¶¶ 5-6, 11-12, and 17-18. In addition, Plaintiff seeks, in the *ad damnum*, punitive damages against P&C. Punitive damages are not recoverable under Florida law on a claim for under-insured motorist benefits and may only be recoverable if the Plaintiff was pursuing claims other than a claim for under-insured motorist benefits. *See Suarez, supra.*

Here, a fair reading of the Complaint demonstrates that at the time of removal the Complaint contained allegations which supported diversity jurisdiction, including a claim for punitive damages and a claim based on P&C's conduct in denying her claim. Plaintiff should not now be allowed to rely on her after-the-fact concession that she is only pursuing a claim for under-insured motorist benefits claim to avoid removal. Further, Plaintiff's argument in the Motion to Remand that she is only seeking damages for under-insured motorist benefits ignores the Complaint and her subsequent filings with this Court. In Plaintiff's Brief in Response to P&C's Motion to Dismiss, Plaintiff still maintains – post-removal – that she is allowed to recover punitive damages on an under-insured motorist benefit claim. *See* Plaintiff's Brief in Response to P&C's Motion to Dismiss at p. 3, n. 1.

Plaintiff's Motion to Remand directly contradicts the allegations in the Complaint (and her filings with this Court) because it is clear that the Complaint seeks damages, including punitive damages, which renders this matter removable. This Court should not allow Plaintiff to defeat diversity jurisdiction by attempting to re-characterize her claims *after* P&C properly removed this case. Any actions by Plaintiff to disingenuously argue, in order to avoid removal, that the Complaint only contains a claim for under-insured benefits must be ignored under the relevant law.

## CONCLUSION

P&C established in its removal papers that the requirements for diversity jurisdiction under 28 U.S.C. §1332 (a)(1) exists. Plaintiff has not and cannot demonstrate that P&C improperly removed this matter. Instead, Plaintiff asks this Court to disregard the overwhelming weight of authority against allowing the Plaintiff to recast her Complaint, after the fact and by way of an opposition motion, to avoid removal. P&C has properly exercised its statutory right to remove this action to this Court, and Plaintiff's procedural antics should be disregarded because diversity jurisdiction exists here.

Respectfully submitted this the 4th day of September, 2007.

_____
One of the Attorneys for Defendant

**Of Counsel:**
**Bert S. Nettles  ASB-5850-S63B**
**Brennan C. Ohme  ASB-8419-M70B**
**Meredith Jowers Lees  ASB-8103-M71J**

HASKELL SLAUGHTER & YOUNG, LLC
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 (FAX)
bsn@hsy.com
bco@hsy.com
mjl@hsy.com

## CERTIFICATE OF SERVICE

      I certify that on September 4, 2007, a copy of the foregoing was served in the manner indicated below on the following counsel of record:

| | | |
|---|---|---|
| Mr. Dan Talmedge | [ ] | by Hand Delivery |
| MORRIS, CARY, ANDREWS, | [ ] | by U.S. mail properly addressed and postage pre-paid |
| TALMEDGE & JONES LLC | [ ✗ ] | by facsimile transmission |
| P.O. Box 1649 | [ ✗ ] | by PACER electronic filing |
| Dothan, Alabama 36302 | | |

_____
Of Counsel