IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **TANGELA DAVIS BOSTON,** )<br>)<br>     **Plaintiffs,** )<br>) <br>**v.** )<br>)<br>**THE HARTFORD INSURANCE** )<br>**COMPANY,** )<br>)<br>     **Defendants.** ) | **CIVIL ACTION NO.**<br><br>**1:07-CV-663-MEF** |

**DEFENDANT'S SUPPLEMENTAL SUBMISSION IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO REMAND**

Defendant, Property and Casualty Insurance Company of Hartford ("P&C")(incorrectly identified as "The Hartford Insurance Company" in the Complaint), files this Supplemental Submission in Opposition to Plaintiff's Motion to Remand, stating as follows:

1. P&C properly removed this case and contemporaneously sought the dismissal of certain of Plaintiff's claims. (doc. # 1 and #2).

2. Plaintiff has since asked that this case be remanded to state court, arguing that the Complaint does not seek an award of damages sufficient to satisfy 28 U.S.C. § 1332's amount-in-controversy requirement. (doc. # 8). Specifically, Plaintiff contends that the Complaint seeks an unspecified award of compensatory and punitive damages and does not pursue extra-contractual damages claims. (doc. # 8, ¶¶ 2-3). A plain reading of the Complaint, however, is clearly inconsistent with Plaintiff's post-removal position.

3. Further, Plaintiff has refused to stipulate that she will not accept damages in excess of $75,000 or that she will forego all claims for extra-contractual damages. See Exhibit 1. Rather, Plaintiff will only represent that she (a) is not *currently* seeking damages in excess of the

minimum jurisdictional requirements of this Court and (b) is not *currently* pursuing any extra-contractual damages claims for prior alleged acts/omissions. See id. The vagueness of Plaintiff's position underscores the propriety of the removal and mandates this Court's exercise of diversity jurisdiction.

4. This matter should not be remanded to state court.

WHEREFORE, PREMISES CONSIDERED, P&C respectfully requests that the Court enter an order denying Plaintiff's Motion to Remand

Respectfully submitted this the 14TH day of September, 2007.

*s/ Brennan C. Ohme*
One of the Attorneys for Defendant

**Of Counsel:**
**Bert S. Nettles  ASB-5850-S63B**
**Brennan C. Ohme  ASB-8419-M70B**
**Meredith Jowers Lees  ASB-8103-M71J**

HASKELL SLAUGHTER & YOUNG, L.L.C.
2001 Park Place North
1400 Park Place Tower
Birmingham, Alabama 35203
(205) 251-1000
(205) 324-1133 (FAX)
bsn@hsy.com
bco@hsy.com
mjl@hsy.com

503534

## **CERTIFICATE OF SERVICE**

      I certify that on September 14, 2007, a copy of the foregoing was served in the manner indicated below on the following counsel of record:

| | | |
|---|---|---|
| Mr. Dan Talmedge | [   ] | by Hand Delivery |
| MORRIS, CARY, ANDREWS, | [   ] | by U.S. mail properly addressed and postage pre-paid |
| TALMEDGE & JONES LLC | [   ] | by facsimile transmission |
| P.O. Box 1649 | [ X ] | by ECF filing |
| Dothan, Alabama 36302 | | |

                                              *s/ Brennan C. Ohme*
                                              Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TANGELA DAVIS BOSTON,<br><br>        Plaintiffs,<br><br>v.<br><br>THE HARTFORD INSURANCE COMPANY,<br><br>        Defendants. | )<br>)<br>)<br>)      CIVIL ACTION NO.<br>)<br>)      1:07-CV-663-MEF<br>)<br>)<br>)<br>) |

DEFENDANT'S SUPPLEMENTAL SUBMISSION IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND

EXHIBIT 1

(September 16, 2007, Correspondence between Counsel)
(2 pages excluding this Cover)

503540



attorneys at law

Brennan C. Ohme
Direct Line: 205.254.1457
bco@hsy.com

Haskell Slaughter & Young, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
t. 205.251.1000 | f. 205.324.1133

September 6, 2007

Mr. Dan Talmedge
MORRIS, CARY, ANDREWS,
TALMEDGE & JONES LLC
P.O. Box 1649
Dothan, Alabama 36302

    RE:   *Tangela Davis Boston v. The Hartford Insurance Company*
            In the Middle District of Alabama Southern Division
            CV 07-663

Dear Dan:

    I enjoyed speaking with you yesterday about the above-referenced matter. From our conversation regarding your pending Motion to Remand, I understand your position to be as follows:

(1) The Plaintiff is not *currently* pursuing a claim for bad faith against Property and Casualty Insurance Company of Hartford and will not pursue such a claim for any alleged act/omission up until this time. You will not stipulate that the Plaintiff will refrain from pursuing a bad faith claim for any act/omission occurring from this point in time forward. Your position, however, is contrary to the allegations in the Complaint regarding my client's alleged failure to "seasonably act" in response to the claim for under-insured motorist benefits provided under the contract of insurance issued to non-party Francis Davis.

(2) The Plaintiff is not *currently* seeking damages of $75,000 or more. You will not stipulate that the Plaintiff will refrain from seeking damages in excess of the federal court's jurisdictional requirements in the future. Your position, however, is contrary to the Complaint's request for punitive damages. That request has not been abandoned in any filing with the Court.

Given the circumstances, your position regarding the claims pleaded in the Complaint and the

amount in controversy would not impact the Court's diversity jurisdiction over this matter.

With best regards, I remain

Sincerely,

Haskell Slaughter & Young, LLC

Brennan C. Ohme

BCO:esm

cc:  Mr. Bert S. Nettles
     Ms. Meredith Lees

502676