IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TANGELA DAVIS BOSTON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 1:07-cv-663-MEF |
| | ) |
| THE HARTFORD INSURANCE CO., | ) (WO-Not Recommended for Publication) |
| | ) |
| DEFENDANT. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion to Remand (Doc. # 8), filed August 15, 2007. This lawsuit was originally filed in the Circuit Court of Geneva County, Alabama. Defendant Property and Casualty Insurance Company of Hartford ("Hartford") (identified as "The Hartford Insurance Company" in the Complaint) removed this case to this Court based on diversity jurisdiction. Plaintiff Tangela Davis Boston ("Boston") filed a motion to remand, arguing that the amount in controversy requirement of 28 U.S.C. § 1332 was not satisfied. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the Motion to Remand is due to be GRANTED.

## **FACTS**

Hartford issued a Florida automobile insurance policy to Francis Davis ("Davis"), which included uninsured and underinsured motorist coverage for Boston. The policy limit for uninsured and underinsured coverage was $50,000. Boston alleges in her complaint that on May 27, 2005, Joseph Christopher Myles was negligently operating a motor vehicle that

collided with a motor vehicle operated by Jessica Dianna Reeves. This collision caused Reeves' vehicle to collide with the vehicle owned by Davis and being operated by Boston. Boston further alleges various physical, mental, and economic damages as a result of this accident. Both Myles and Reeves were underinsured motorists at the time. Boston filed a claim with Hartford, which Hartford either denied or did not "seasonably act on."

## DISCUSSION

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See *Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing that a court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

Hartford argues that removal was proper because the Court has jurisdiction over this

2

case due to diversity of citizenship. The diversity statute confers jurisdiction on the federal courts in civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1). Where, as here, the Complaint does not allege a specific amount of damages, the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

Boston argues that remand is proper because the policy limit of $50,000 caps the amount of damages she is entitled to recover, which is significantly less than the jurisdictional amount of $75,000. Hartford argues that the policy limit is not a cap on damages because Boston has alleged bad faith and is seeking compensatory and punitive damages.

The Complaint is ambiguous as to what cause of action it actually states. Nowhere does it identify by name any specific cause of action. The Complaint merely alleges a series of facts and then "demands judgment against the Defendant Hartford for compensatory and punitive damages in excess of the minimum jurisdictional limits of [the Circuit Court of Geneva County], plus costs." The jurisdictional limit of a Circuit Court in the state of Alabama is $10,000. Further complicating matters is that the parties dispute which law applies to this case. Hartford claims the case is governed by Florida law, because the insurance policy was issued in Florida for a car garaged in Florida. Boston argues that

3

Alabama law applies because the accident occurred in Alabama.

The one thing that both parties do appear to agree on is that unless the Complaint adequately alleges a claim for bad faith, then the jurisdictional amount of $75,000 cannot be met. Under Florida law, an insurer is liable for bad faith by "Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests." Fla. Stat. § 624.155(1)(b)1; *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275 (Fla. 2000) ("[A] claim for bad faith pursuant to section 624.155(1)(b)1 is founded upon the obligation of the insurer to pay when all conditions under the policy would require an insurer exercising good faith and fair dealing towards its insured to pay."). The only conduct on the part of Hartford that is alleged in the Complaint is: "Defendant Hartford denied said claim or failed to seasonably act on said claim." Nowhere does the Complaint allege that Hartford acted in bad faith, failed to act in good faith, or failed to exercise fair dealing toward Boston.

Additionally, under Alabama law, a plaintiff must prove the following elements in order to state a claim for bad faith: (1) an insurance contract between the parties and a breach thereof by the defendant; (2) an intentional refusal to pay the insured's claim; (3) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); (4) the insurer's actual knowledge of the absence of any legitimate or arguable reason; and (5) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is

a legitimate or arguable reason to refuse to pay the claim. *National Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982). As discussed previously, the Complaint does not allege any knowledge or intent on the part of Hartford, it simply alleges the failure to pay the claim.

Under these circumstances, this Court does not find that the Complaint states a claim for bad faith under either Florida or Alabama law. Therefore, the most that Boston can recover is $50,000 and the jurisdictional amount is not met. Accordingly, this Court must grant Boston's motion and remand the case back to state court.

For the foregoing reasons, it is hereby ORDERED as follows:

(1)　Plaintiff's Motion to Remand (Doc. # 8) is GRANTED.

(2)　Defendant's Motion for Hearing (Doc. # 13) is DENIED.

(3)　This case is REMANDED to the Circuit Court of Geneva County, Alabama.

(4)　The Clerk is DIRECTED to take appropriate steps to effect the remand.

(5)　Any pending motions other than the motion to remand are left for resolution by the Circuit Court of Geneva County, Alabama.

DONE this the 12th day of February, 2008.

　　　　　　　　　　　　　　　　　　/s/ Mark E. Fuller
　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).